**E.C. CATES AGENCY, INC., and Earl C. Cates, Appellants (Plaintiff and Third–Party Defendant),**

**v.**

**Ken BARBE, Roy Nagel, Mrs. Vivian (Jerry) Crank and Vivian Crank, Administratrix of the Estate of Gerald Elon Crank, Deceased, Appellees (Defendants and Third–Party Plaintiff).**

**E.C. CATES, Appellant (Defendant),**

**v.**

**K.J.R. DEVELOPMENT CO., INC., a corporation, Appellee (Plaintiff).**

Nos. 87–239, 87–240.

Supreme Court of Wyoming.

Nov. 18, 1988.

E.C. Cates, pro se.

---

Donald J. Rissler, Brown, Raymond & Rissler, P.C., Casper, for appellant.

Barry G. Williams, Frank D. Neville, Williams, Porter, Day & Neville, P.C., Casper, for appellees, Barbe and Nagel.

Before CARDINE, C.J., THOMAS and MACY, JJ., and BROWN and GUTHRIE, JJ., Retired.

THOMAS, Justice.

The core of the problems presented in these appeals is confusion on the part of a layman with respect to rights and obligations flowing to and from individuals and corporations which the individuals control. The difficulty is exacerbated by the efforts of E.C. Cates to represent himself and his corporation. The district court ruled that Cates' pleadings did not state a claim for which relief could be granted because of the misalignment of parties. In addition, the district court ruled that Cates could not represent E.C. Cates Agency, Inc. as its attorney since he was not admitted to the practice of law. The claims asserted by Cates were dismissed. We affirm the district court because this appeal raises no issues which could serve as grounds for reversal.

E.C. Cates Agency, Inc. seeks review and reversal of the dismissal by the district court in Case No. 87–239 raising these issues:

"A. THE TRIAL COURT ERRED BY FAILING TO TELL PLAINTIFF HE COULD NOT REPRESENT HIS OWN CORPORATION UNTIL THE MORNING OF TRIAL.

"B. THE JUDGE ERRED BY HAVING UNFAIR EX PARTE COMMUNICATIONS WITH OPPOSING COUNSEL.

"C. THE TRIAL COURT ERRED BY ENTERTAINING TWO MOTIONS TO DISMISS, BY AMBUSH.

"D. THE TRIAL COURT ERRED IN FAILING TO COMPLY WITH W.R.C.P. RULE 56 FOR MOTIONS TO DISMISS FOR JUDGMENTS ON THE PLEADINGS.

"E. THE TRIAL COURT'S AUGUST 6, 1987, DECISION LETTER IS UNCLEAR, MISLEADING, AND DOES NOT ADEQUATELY SPELL OUT THE BASIS FOR THE TRIAL COURT'S DECISION."

E.C. Cates, as the appellant in case No. 87–240, also demands reversal stating the issues a bit differently:

"A. THE TRIAL COURT ERRED BY FAILING TO HAVE A JURY AVAILABLE ON THE DATE SET FOR TRIAL.

"B. THE TRIAL COURT ERRED BY HAVING EX PARTE COMMUNICATIONS WITH OPPOSING COUNSEL.

"C. THE TRIAL COURT ERRED BY ENTERTAINING TWO MOTIONS TO DISMISS, BY AMBUSH.

"D. THE TRIAL COURT ERRED IN FAILING TO COMPLY WITH W.R.C.P. RULE 56 FOR MOTIONS TO DISMISS FOR JUDGMENTS ON THE PLEADINGS.

"E. THE TRIAL COURT ERRED BY ERRONEOUSLY FINDING THE COUNTERCLAIM FOR COMMISSIONS ARE CLAIMS OF E.C. CATES AGENCY, INC., NOT EARL C. CATES.

"F. THE TRIAL COURT'S HARSH AND ERRONEOUS DECISION HAS UNJUSTLY ENRICHED AND REWARDED THE APPELLEES FOR THEIR FRAUD.

"G. THE TRIAL COURT'S AUGUST 6, 1987, DECISION LETTER IS UNCLEAR, MISLEADING, AND DOES NOT ADEQUATELY SPELL OUT THE BASIS FOR THE TRIAL COURT'S DECISION."

In the district court, E.C. Cates Agency, Inc. filed a complaint, through E.C. Cates, naming as defendants Ken Barbe and Roy Nagel. It is manifest from the complaint that any claim which might exist would lie only against K.J.R. Development Co., Inc. Barbe and Nagel, it would appear, are stockholders in that corporation, but the complaint failed to name the corporation as a party. In another case in which E.C. Cates was sued, he filed a counterclaim seeking the payment of real estate commis-

sions due, stock in K.J.R. Development Co., Inc., and an accounting of profits due from K.J.R. Development Co., Inc. Again, it is manifest from Cates' pleading that he, as an individual, had no claim against K.J.R. Development Co., Inc., even though E.C. Cates Agency, Inc. may have had a claim.

We affirm the order of the district court in these consolidated cases because the briefs raise no issues which would support reversal. Neither brief presents a valid contention supported by cogent argument or pertinent authority, and we consistently have refused to consider such cases, whether the brief is by a litigant pro se or is filed by counsel. *Kipp v. Brown*, 750 P.2d 1338 (Wyo.1988). We also note that these briefs do not conform to Rule 5.01, W.R.A.P. They contain no proper statement of the case as prescribed by that rule but, rather, simply a recitation of the view of the appellant of facts unsupported by the record. While each brief does contain an argument section, it is in this respect that the failure to present cogent argument or citation of pertinent authority is present. Furthermore, the mandatory appendix is not included in either brief.

While it is not necessary to the disposition of this case, we support the ruling of the district court that E.C. Cates could not be permitted to appear in the case on behalf of E.C. Cates Agency, Inc. It is well established that a person who is not an attorney is not entitled to appear in court for a corporation regardless of his interest or association with the corporation. *Aviation Maintenance Publishers, Inc. v. Capital Corporation*, 740 P.2d 940 (Wyo.1987).

Similarly, while it is not necessary to our disposition of this case, we find it appropriate to comment on the determinations by the district court that K.J.R. Development Co., Inc. should have been the defendant in the first case; that E.C. Cates Agency, Inc. owned the claims asserted in the counterclaim in the second case; and that E.C. Cates, as an individual, could not be a proper party because none of his rights as an individual were asserted in the pleadings. No other conclusion can be reached from the pleadings which were filed. Cates vehemently disputes the validity of the conclusion that he had asserted no right as an individual. However, the only support for those claims of Cates is a recitation of facts which are extraneous to and completely unsupported by what is in the record. From the record, no other conclusion can be reached than that Cates had no personal interest in the matters in litigation.

Lastly, we find it appropriate to comment upon Rule 5.5(b), Rules for Professional Conduct, which prohibits a lawyer from assisting a person who is not a member of the Bar in activity that constitutes the unauthorized practice of law. See Annotation, *Disciplinary Action Against Attorney Aiding or Assisting Another Person in the Unauthorized Practice of Law*, 41 A.L.R.4th 361 (1985); *Geibel v. State Bar of California*, 11 Cal.2d 412, 79 P.2d 1073 (Cal.1938), cert. denied 305 U.S. 653, 59 S.Ct. 248, 83 L.Ed. 423 (1938), reh. denied 305 U.S. 676, 59 S.Ct. 361, 83 L.Ed. 438 (1939). In our view, grave risks do attach to the affixing of his signature by an attorney as counsel on a brief prepared by a pro se litigant. In this instance, all briefs filed on behalf of appellants are signed by E.C. Cates, Pro Se, and, in addition, they are signed by counsel appearing on behalf of appellants. In Case No. 87–239, however, all arguments other than the initial one, identified as "A," are preceded by this disclaimer:

"Note: The next four stated issues are written in the first person as coming directly from Mr. Cates. He is the only one aware of the events. This attorney had no first-hand knowledge of what transpired. The issues are relevant to this case because they are pertinent to the companion, consolidated case."

In Case No. 87–240, the entire argument portion of the brief is preceded by this disclaimer:

 

" * * * The argument is written as coming from Mr. Cates, the only one aware first-hand of the events."

It would appear that these briefs are largely, if not wholly, Mr. Cates' work. Since they are signed by counsel, however, we are reluctant to dismiss them because of Cates' appearance in this court on behalf of his corporation despite the clear admonition to him by the district court of such impropriety.

Because these briefs provide no cogent argument nor citation of pertinent authority which would justify reversal, the order of the district court dismissing the action and the counterclaim is affirmed.