In the Interest of FT, a Minor Child:

BLT, Appellant (Respondent),

v.

The STATE of Wyoming; and Department of Family Services, Appellees (Petitioners).

No. C–93–3.

Supreme Court of Wyoming.

July 30, 1993.

Barbara Thorpe, appellant pro se.

Joseph B. Meyer, Atty. Gen., Richard Dixon, Asst. Atty. Gen., Cheyenne, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

GOLDEN, Justice.

We affirm the juvenile court's adjudication of delinquency and placement of the delinquent child on probation for a period of one year under specified terms and conditions because the pro se appellant's brief violates several of the provisions of the Wyoming Rules of Appellate Procedure and fails to identify and articulate an issue which could serve as grounds for reversal.

At a hearing on May 11, 1992, in the juvenile court of Albany County on the amended petition of the county and prosecuting attorney for Albany County, F.T., a minor, after having consulted with appointed counsel and after having been properly advised of his rights and in all other respects, admitted to the amended petition. In so doing, he admitted that he had intentionally set one fire in a vacant field near 23rd Street and Grand Avenue in Laramie, Wyoming, on or between April 10 and 11, 1992. The court ordered the preparation of the requisite predisposition study and report.

The court convened a final hearing on October 28, 1992, at which time the court, F.T., F.T.'s appointed counsel, and F.T.'s mother, B.T., reviewed the predisposition study and report and an addendum to that report. At this hearing it was evident that of paramount concern to B.T. was that F.T. have the opportunity to receive a seven-day stabilization treatment at the Denver Children's Hospital in Denver, Colorado, as soon as that could be arranged. Addressing that concern, the court informed B.T. that, in its judgment, if it ordered such stabilization treatment, the federal officials administering Title XIX would not pay for it. The court maintained that federal payment would be available if B.T., as parent, initiated the effort to secure the stabilization treatment by securing a referral from the appropriate health-care provider who had been seeing F.T. After further discussion, the court expressed its concern to B.T. that perhaps B.T. would not make a commitment to follow the after-care treat-

ment recommendations which might be the product of the stabilization treatment. Responding to the court's concern, B.T. promised the court that she would abide by the after-care recommendations following the stabilization treatment.

At the conclusion of this final hearing, the court announced its disposition by adjudicating F.T. to be a delinquent child and placing him on one year's probation. Included in the terms and conditions of the probation was the requirement that the Department of Family Services provide limited supervision to insure compliance with the order and also participate in B.T.'s petition to Title XIX officials for stabilization for F.T. at the Denver Children's Hospital.

On November 18, 1992, B.T. and F.T., pro se, filed a notice of appeal. In relevant part, the notice of appeal reads:

> The specificly [sic] designated issue for appeal is prohibition of the District Judge to order a comprehensive evaluation at the Denver Childrens' [sic] Hospital, by the Albany County Family Services, of the scope and duration needed, under Medicaid (particularly through Epsdt program) funding or any other Social Services program because the latter unjustly claim they cannot assist with payment, even under District Court order, although all technical criteria have been fulfilled to ensure authorization should be given.
>
> Because this is erroneous, appeal is made apon [sic] a failure to be able to institute an order to remedy an acute condition for a developementally [sic] disabled child because his condition is being discriminated against by the Family Services. The condition interferes with every aspect of [F.T.'s] life and further removes [F.T.] from hope for a fair chance at life and a fair legal status, and unjustly extenuates his role in the Juvenile Court system along with extensive suffering and lack of wellbeing [sic] as well as that of his family.

Subsequently B.T. filed her appellant's brief which consists of eleven typewritten pages including a table of contents. The brief is divided into seven parts: issues presented for review, statement of case, statement of facts, argument, contentions with respect to issues and reasons therefor, conclusion, relief sought and justification. The signatures of B.T. and F.T. appear in two places in the brief.

▉ Having carefully and closely read appellant's pro se brief, we can describe it only as a prolix, unintelligible rambling narrative. To borrow the apt phrasing of the assistant attorney general in appellee's brief, this court is "frankly mystified as to [the appellant's] objective on appeal, past the desire for some sort of declaration that F.T. should be admitted to the Denver Children's Hospital for evaluation." That declaration was embodied by the juvenile court's order of final disposition. Given appellant's failure to delineate an appellate issue, much less support it with legal authority and cogent coherent argument, we are unable to fathom what it is about the juvenile court's order that appellant maintains is erroneous.

▉ Recognizing the obvious shortcomings of appellant's brief, appellee urges this court to affirm the juvenile court's order in light of the manifest absence of error in those proceedings. Appellee's urging is well-taken; we affirm the juvenile court's order of final disposition. We have said many times that we expect pro se litigants to "handle this professional, technical work in compliance with Wyoming Rules of Appellate Procedure in the same way that trained lawyers are expected to perform." *Korkow v. Markle*, 746 P.2d 434, 435 (Wyo.1987). We have commented before about our disapproval of a litigant's failure to furnish us a succinct statement of the issues to be decided. *Walker v. Karpan*, 726 P.2d 82, 85 n. 1 (Wyo.1986); *Cline v. Safeco Ins. Companies*, 614 P.2d 1335 (Wyo.1980). We have affirmed the lower court before when appellant's brief raises no issue which would support reversal. *E.C. Cates Agency, Inc. v. Barbe*, 764 P.2d 274, 276 (Wyo.1988). When a brief fails to present a valid contention supported by cogent argument or pertinent

authority, "we have consistently refused to consider such cases, whether the brief is by a litigant pro se or is filed by counsel." *Cates*, at 276 (citation omitted). Appellant's brief does not conform to Wyo. R.App.P. 7.01. It contains no proper statement of the issue presented for review; no statement of the facts relevant to the issue; no reference to the record; and no coherent, intelligible argument with citations to the legal authorities and parts of the record relied on.

We affirm.