**Michael Lee HAMBURG and Raymond Carl Hamburg, Appellants (Plaintiffs),**

v.

**Denise HEILBRUN and The Torrington Telegram, Appellees (Defendants).**

No. 94–115.

Supreme Court of Wyoming.

Feb. 14, 1995.

Michael Lee Hamburg and Raymond Carl Hamburg, pro se.

No appearance.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

LEHMAN, Justice.

Appellants Michael Lee Hamburg and Raymond Carl Hamburg appeal the district court's order dismissing their complaint against the Torrington Telegram newspaper and Denise Heilbrun.

We affirm.

Appellants present five issues for review:

1. Did the plaintiffs have a complaint for which relief could be granted[?]

2. Did jurisdiction under Titlt [sic] VII of the Civil Rights Act of 1964 and 1991 apply in this case[?]

3. Is the Torrington Telegram liable for the sexual harassment caused by Denise Heilbrun[?]

4. Did the District Court deny plaintiffs due process in ignoring the Plaintiffs['] request to interrogate in open Court persons who signed affidavits[?]

5. Did the District Court abuse plaintiffs['] right to due process by allowing attorneys Michael Warren and Eric Alden to play game of divide and confuse the case and deny the two pro se plaintiffs the right to legal aid by dismissing Al Hamburg as a plaintiff[?]

Appellees have declined to respond. We, however, have identified another issue:

What action should the reviewing court take for appellants' failure to comply with the Wyoming Rules of Appellate Procedure?

## DISCUSSION

The brief of appellants is technically and substantively deficient. Appellants fail to include a table of contents, a statement of facts, a conclusion, adequate references to the record and an appendix containing a copy of the judgment from which appeal is taken, all in violation of W.R.A.P. 7.01. Furthermore, the brief is in violation of W.R.A.P. 7.05 since it is single spaced, not double, as required.

Appellant's brief is substantively deficient because it lacks cogent argument and is filled with unsupported conclusory statements. Appellants do not cite to the record to support their factual contentions or to the law to support their "legal" arguments.

> [W]e need not consider issues which are not supported by proper citation of authority and cogent argument or which are not clearly defined.

*Young v. Hawks,* 624 P.2d 235, 238 n. 2 (Wyo.1981) (citations omitted); see also *Elder v. Jones,* 608 P.2d 654, 660 (Wyo.1980). There simply is no substance to the contentions of appellants.

We have often stated that we expect pro se litigants to "handle this professional, technical work in compliance with Wyoming rules of appellate procedure in the same way that trained lawyers are expected to perform." *Korkow v. Markle,* 746 P.2d 434, 435 (Wyo. 1987). Such blatant disregard of our rules of procedure cannot and will not be condoned. When a brief fails to present a valid contention supported by cogent argument or pertinent authority, "we consistently have refused to consider such cases, whether the brief is by a litigant pro se or is filed by counsel." *E.C. Cates Agency, Inc. v. Barbe,* 764 P.2d 274, 276 (Wyo.1988); see also *In Interest of FT,* 856 P.2d 1128, 1129–30 (Wyo.1993).

This court has spoken to a certain leniency which should be afforded the pro se litigant. *Osborn v. Emporium Videos,* 848 P.2d 237 (Wyo.1993). A review of the record, however, reflects that not only were appellants afforded leniency in the district court, but the decision letter of the district court dealt with all claims of the appellants thoroughly and thoughtfully. Sufficient evidence appears in the record to support the court's action. Accordingly, pursuant to W.R.A.P. 1.03, the decision of the trial court should be affirmed.

The failure to comply with any other rule of appellate procedure * * * does not af-

fect the validity of the appeal, but is ground only for such action as the appellate court deems appropriate, including but not limited to: citation of counsel or a party for contempt; refusal to consider the offending party's contentions; assessment of costs; dismissal; or affirmance. W.R.A.P. 1.03.

### CONCLUSION

Appellants have failed completely to comply with the rules of appellate procedure. No "coherent, intelligible argument with citations to the legal authorities and parts of the record relied on" has been presented. *In Interest of FT*, 856 P.2d at 1130. The decision of the district court, therefore, is affirmed.