**Steven Carlo BASOLO, Appellant (Defendant),**

v.

**Dulcinda Ann GOSE, f/k/a Dulcinda Ann Basolo, Appellee (Plaintiff).**

No. 99–3.

Supreme Court of Wyoming.

Jan. 24, 2000.

Representing Appellant: Steven Carlo Basolo, pro se.

Representing Appellee: William L. Miller of Miller & Fasse, P.C., Riverton, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

GOLDEN, Justice.

Steven Carlo Basolo (Basolo) appeals from the district court's denial of his various *pro se* motions filed after our decision in the domestic relations case of *Basolo v. Basolo,* 907 P.2d 348 (Wyo.1995). Because Basolo's brief is not in accordance with our rules of appellate procedure and does not contain pertinent authority or cogent argument, we summarily affirm the district court's decision. Basolo merely reargues the earlier case. We find his appeal without merit and award costs and attorney's fees to the mother, now known as Dulcinda Ann Gose (Gose).

## ISSUES

Appellant Basolo presents only one issue, stated in the form of an argument:

[The district court], and the State of Wyoming, *lacked subject matter jurisdiction* and in personam jurisdiction over the California resident father (appellant) and his daughter on April 30, 1993 when [the district court] assumed jurisdiction and issued a temporary custody order in disregard for the rigid and mandatory provisions set forth in the Uniform Child Custody Jurisdiction Act, 28 USC 1738A, Wyoming Statutes 20–5–101 through 20–5–125, and in doing so [the district court] offended the [procedural] due process clause and the equal protection clause of the 14th Amendment of the U.S. Constitution due to the fact that there had been

*no service of process* and *no notice of hearing* to appellant Basolo as prescribed by law up to and including April 30, 1993.

Everything in Basolo v. Basolo that is *stacked upon* [the district court's] null and void order, dated April 30, 1993, which clearly offended [procedural] due process and equal protection, appellant's constitutionally protected rights pursuant to the 14th Amendment U.S.C.A. [sic], should be vacated and declared equally null and void and jurisdiction over Basolo v. Basolo should be restored to California as a matter of law and constitutionally protected rights.

Appellee Gose condenses the issue to:

I. Did the Court have jurisdiction to enter its Order of November 10, 1998 denying Eighteen (18) Motions of the Appellant for the reason that the Defendant failed to appear and present any evidence?

## FACTS

Gose filed a complaint for divorce in the District Court of Fremont County, Wyoming, on March 5, 1993, approximately three months after she left California and moved in with her parents outside Lander, Wyoming. *Basolo v. Basolo,* 907 P.2d 348, 351 (Wyo. 1995). On November 22, 1994, the district court filed an amended decree of divorce.

The district court held a hearing on March 31, 1998, in response to several motions filed by Basolo. Basolo did not attend that hearing, and the district court defaulted him on all of those motions. Beginning immediately after that hearing, Basolo began filing more motions with the district court.[1] Although the district court's August 6, 1998, order setting the hearing required personal appearance by all parties and witnesses, Basolo failed to appear at the October 27, 1998, hearing on those motions, and the district court again found him in default and denied all of the motions and petitions. Basolo filed a notice of appeal from the district court's November 10, 1998, order on December 9, 1998.

## DISCUSSION

■ Failure to comply with our rules of appellate procedure is ground for "such action as the appellate court deems appropriate, including but not limited to: refusal to consider the offending party's contentions; assessment of costs; dismissal; and affirmance." W.R.A.P. 1.03. We recognize Basolo is not represented by counsel in this appeal. However, we expect litigants who choose to proceed *pro se* to comply with the Wyoming appellate rules just as we expect trained lawyers to comply with those rules. *Hamburg v. Heilbrun,* 889 P.2d 967, 968 (Wyo.1995) (quoting *Korkow v. Markle,* 746 P.2d 434, 435 (Wyo.1987)). We also consistently refuse to consider cases where the appellate brief fails to present a valid contention supported by cogent argument or pertinent authority, " 'whether the brief is by a litigant pro se or is filed by counsel.' " *Id.* (quoting *E.C. Cates Agency, Inc. v. Barbe,* 764 P.2d 274, 276 (Wyo.1988)).

■ Basolo's brief is deficient in several respects. He failed to designate the April 30, 1993, temporary custody order, upon which he bases the majority of his argument, for transmission to this Court. Therefore, the record on appeal contains only a copy of the order which was presented as an exhibit in the March, 1998, hearing. Rule 3.01 provides "[t]he record shall consist of: (1) The original papers and exhibits filed in the trial court...." W.R.A.P. 3.01. Basolo's failure to ensure original documents were designated and transmitted to this Court violates Rule 3.01. Further, W.R.A.P. 3.05 requires the appellant to file a designation for transmission to the appellate court of all parts of the record the appellant intends to call to the court's attention. Basolo's brief contains six pages of facts included in the statement of the case and the statement of facts sections of his brief. The large majority of those facts, if they exist anywhere, are not in the record he designated for this appeal. There-

1. The district court's order lists the various motions before it. We decline to list them here, as Basolo's brief on appeal does not mention any of them and the nature of the allegations presented within the titles of some of the motions do not comport with proper decorum before a judicial body.

fore, Basolo violated Rule 3.05 of our appellate rules.

Basolo's notice of appeal indicates he is appealing the district court's November 10, 1998, order. However, in his brief, Basolo's statement of the case fails to include: any facts or information pertaining to the appeal at issue, the nature of the case on appeal, the course of proceedings for this appeal, the disposition in the trial court, or a statement of the facts relevant to the issues presented for review with appropriate references to documents listed in the index of the transmitted record. *See* W.R.A.P. 7.01(e). In fact, he does not cite to the record on appeal at all. W.R.A.P 7.01(j) requires an appendix to the appellant's brief, containing a copy of the final order appealed from and the trial court's written and/or oral reasons for judgment, if any. Basolo's brief does not have such an appendix, again in violation of our rules.

Finally, Basolo's brief does not refer to the motions or the resulting court order which form the basis of his notice of appeal. He merely refers to them as "everything stacked upon her Order since April 30, 1993," and argues the district court did not have jurisdiction to issue its temporary custody order on that date. As such, his appeal fails to present cogent argument or pertinent authority relevant to the order he purports to appeal from in his notice of appeal. We continue to refuse to consider positions not supported by cogent argument or pertinent authority. *See Kipp v. Brown,* 750 P.2d 1338 (Wyo.1988); *Baker v. Reed,* 965 P.2d 1153, 1154 (Wyo.1998); *Hamburg,* 889 P.2d at 969. Therefore, because Basolo's brief fails to conform to our rules of appellate procedure and does not contain argument or authority pertinent to the order from which he appeals, we summarily affirm the decision of the district court. *Hamburg,* 889 P.2d at 969; *Baker,* 965 P.2d at 1155.

Although we are reluctant to impose monetary sanctions and do so "only in those rare circumstances where an appeal lacks cogent argument, where there is an absence of pertinent authority to support the claims of error, and/or when there is a failure to adequately cite to the record," Basolo has failed to comply with any of these standards. *Baker,* 965 P.2d at 1154–55 (quoting *Amen, Inc. v. Barnard,* 938 P.2d 855, 858 (Wyo.1997)). Therefore, we certify there was no just cause for this appeal and award penalties in accordance with W.R.A.P. 10.05. *Id.* at 1155.

## CONCLUSION

The order of the district court is summarily affirmed. Appellee Gose will submit a statement of attorneys fees and costs to this Court for our review so that an appropriate award of costs and fees can be ordered.