2001 WY 61

**In the Interest of KD, a Minor:**

**MTM, Appellant (Respondent),**

v.

**STATE of Wyoming, Department of Family Services, Natrona County Office, Appellee (Petitioner).**

**No. C–00–4.**

Supreme Court of Wyoming.

July 12, 2001.

MTM, pro se, Representing Appellant.

Gay Woodhouse, Attorney General; Michael L. Hubbard, Deputy Attorney General; and Sue Chatfield, Assistant Attorney General, Representing Appellee.

Before LEHMAN, C.J., and GOLDEN, HILL, and KITE, JJ.

LEHMAN, Chief Justice.

[¶ 1]   Appellant MTM appeals from an Order for Placement, which ordered continued physical custody of his minor daughter, KD, with her maternal grandparents and continued legal custody of KD with the Department of Family Services (DFS).

[¶ 2]   We affirm.

### FACTS

[¶ 3]   KD was born on November 27, 1987, in Clanton, Alabama, and she and her mother (KAD) subsequently moved to Wyoming.  On May 28, 1992, KD was placed into protective custody by the Casper Police Department because her mother had been arrested for public intoxication and confined in the Natrona County jail.

[¶ 4]   MTM contacted DFS in January of 1993, claiming that he was KD's biological father.  DFS informed MTM that, because he was not listed on KD's birth certificate, he would have to establish paternity and then submit to a home study before placement of KD could be made with him.  KAD signed a notarized statement declaring MTM as KD's biological father, but placement was denied after MTM failed the home study.

[¶ 5]   In October of 1993, KD was placed in the physical custody of her maternal grandparents with legal custody being placed with DFS because KAD had been unable to refrain from alcohol use.  Unfortunately, on September 8, 1995, KAD was killed by a hit-and-run driver in Casper.

[¶ 6]   A multidisciplinary team, consisting of social workers, attorneys, DFS, court-appointed special advocates, maternal grandparents, a guardian *ad litem*, and MTM, met to devise a plan by which MTM could prepare himself for reunification with KD. MTM refused to sign or abide by the plan.  On January 24, 2000, the juvenile court continued custody with DFS and the grandparents and ordered MTM to sign and comply with the case plan, which among other things required him to pay child support and to attend counseling to improve his parenting skills and his relationship with KD. MTM appeals from this order.

### DISCUSSION

[¶ 7]   In bringing this appeal, MTM has violated W.R.A.P 7.01.  Although some allowances are made for pro se litigants, this court expects them to comply with the Wyoming Rules of Appellate Procedure just as we require trained lawyers to do.  *Dewey Family Trust v. Mountain West Farm Bureau Mut. Ins. Co.,* 3 P.3d 833, 836 (Wyo. 2000); *Basolo v. Gose,* 994 P.2d 968, 969 (Wyo.2000).  MTM's failure to comply with W.R.A.P. 7.01 justifies such action as this court "deems appropriate, including but not limited to: refusal to consider the offending party's contentions;  assessment of costs; dismissal;  and affirmance."  W.R.A.P. 1.03.

[¶ 8]   MTM also fails to present a cogent argument supported by pertinent authority.  We consistently refuse to consider cases where the appellate brief fails to make such an argument whether the brief was filed by a pro se litigant or by a licensed attorney.  *Basolo,* 994 P.2d at 969.

[¶ 9]   Other than including a title page with an appropriate caption, case number, and identification of the party filing the brief, MTM failed to comply with the numerous other requirements of W.R.A.P. 7.01. These requirements are not meaningless ob-

stacles to a review by this court of a given case but rather are necessary to drafting an organized, thoughtful, and analytical opinion on well defined issues. The absence of a cogent argument supported by pertinent authority is equally fatal to MTM's efforts.

Accordingly, we summarily affirm the juvenile court's order.