# IN THE SUPREME COURT, STATE OF WYOMING

## 2015 WY 104

**APRIL TERM, A.D. 2015**

**August 13, 2015**

IN RE:  THE GENERAL
ADJUDICATION OF ALL RIGHTS TO
USE WATER IN THE BIG HORN
RIVER SYSTEM AND ALL OTHER
SOURCES, STATE OF WYOMING

FRANK E. MOHR,

Appellant
(Objector),

v.                                                                          S-15-0008

THE STATE OF WYOMING and
FARMERS CANAL COMPANY,

Appellees
(Respondents).

*Appeal from the District Court of Washakie County*
*The Honorable Robert E. Skar, Judge*

*Representing Appellant:*
    Frank E. Mohr, *pro se.*

*Representing Appellee State of Wyoming:*
    Peter K. Michael, Wyoming Attorney General; James Kaste, Deputy Attorney
    General; Chris Brown, Senior Assistant Attorney General; Abigail C. Boudewyns,
    Assistant Attorney General.

*Representing Appellee Farmers Canal Company:*
    No appearance.

*Before BURKE, C.J., and HILL, KITE\*, DAVIS, and FOX, JJ.*

\*Justice Kite retired effective August 3, 2015.

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**FOX, Justice.**

[¶1]    In the final phase of the general adjudication of water rights in the Big Horn River, the Wyoming Board of Control (the Board) recommended elimination of certain unused and unadjudicated water rights under Farmers Canal Permit 854 (Farmers Canal Permit), including the rights to irrigate Tract 109, now owned by Appellant Frank E. Mohr. Since at least 1922, Tract 109 has been irrigated under Permit 3712E (the Perkins Ditch Enlargement). In conjunction with his application for that permit, Mr. Mohr's predecessor submitted his affidavit acknowledging that water under the Farmers Canal Permit had not been put to beneficial use on Tract 109, and relinquishing his right to water under that permit. The Special Master and the district court found that relinquishment of the Farmers Canal Permit by Mr. Mohr's predecessor was final and not subject to attack by Mr. Mohr. Mr. Mohr argues on appeal that his predecessor's actions did not eliminate the Farmers Canal right, and he asserts a multitude of procedural errors by the district court. We affirm.

## ISSUES

[¶2]    Although Mr. Mohr asserts numerous issues, we can discern and will address the following:

　　1.    Is Mr. Mohr bound by the acts of his predecessor-in-interest and the previous adjudication of water rights to Tract 109?

　　2.    Did the district court give Mr. Mohr a fair opportunity to present his case in accordance with the Wyoming Rules of Civil Procedure?

## FACTS

[¶3]    In 1977, the Wyoming Legislature authorized the general adjudication of "the nature, extent, and relative priority of the water rights of all persons" in the Big Horn River system. Wyo. Stat. Ann. § 1-37-106 (LexisNexis 2015). The Big Horn adjudication was divided into three phases:

> The focus of the first phase was on the claims of the United States of America and the Shoshone and Arapaho Tribes regarding reserved water rights on the Wind River Indian Reservation and any other water rights established by federal law. The second phase was to focus upon the consideration of claims asserted by non-Indian successors in interest to lands within the Wind River Indian Reservation that once had been owned by Indian allottees and subsequently conveyed. The third phase was reserved for litigation of all claims

1

founded on state court decrees, state certificates of appropriation, state permits that had not been cancelled, or any additional state claims otherwise represented.

*In re General Adjudication of All Right to Use Water in Big Horn River System*, 803 P.2d 61, 65 (Wyo. 1990) (*Big Horn II*). Mr. Mohr's appeal comes to us under Phase III, and concerns the elimination of an uncancelled permit.

[¶4] The Farmers Canal Permit was filed on November 21, 1894, by "Richard L. Preator in the name of and for the Farmers Canal Company," for irrigation, mill, and domestic purposes. The permit originally sought water to irrigate 14,353.81 acres from the Greybull River, including 161.73 acres, now known as Tract 109, and currently owned by Mr. Mohr. Over the years, the Board adjudicated 9,214.81 of the acres identified in the Farmers Canal Permit, but no Farmers Canal water was ever adjudicated for Tract 109.

[¶5] In November 1916, Levi Johnson, Mr. Mohr's predecessor-in-interest to Tract 109, signed an application for the Perkins Ditch Enlargement for the purpose of irrigating Tract 109 and for domestic use. In conjunction with his application, Mr. Johnson executed the following affidavit:

> I, Levi Johnson of Burlington, County of Big Horn, State of Wyoming, being first duly sworn according to law depose and say, that the water from the Farmers' Canal under Permit No. 854 has never, to my knowledge, been applied to the land known as Tract No. 109, Twp. 51 North, Range 96 West as according to the terms of the permit and further, prior to purchasing the above land, it has not been irrigated for a continuous period for five years since.
>
> The deponent further says that it is his belief that the said Permit No. 854 covering Tract No. 109 is not in good standing and further asks that said Permit No. 854 be cancelled so far as effecting Tract No. 109 said township and range above written.
>
> The deponent further says that he is the sole owner of the within described land.

The affidavit was filed, but the State did not remove references to Tract 109 in the Farmers Canal Permit or otherwise formalize the requested cancellation.

[¶6]     The State Engineer issued a permit for the Perkins Ditch Enlargement in December 1916.  Construction began in May 1917, was completed in October 1920, and water was put to beneficial use on Tract 109 through the ditch in September 1921.  Mr. Johnson submitted a *Proof of Appropriation*, and the Board subsequently issued a *Certificate of Appropriation of Water* to Tract 109 under the Perkins Ditch Enlargement. The certificate provided for 2.31 cubic feet per second (cfs) of water for 161.73 acres in Tract 109 with a priority date of August 8, 1916.  Through a series of subsequent changes to points of diversion and means of conveyance, Tract 109 continues to receive water under the Perkins Ditch Enlargement, though since at least 1942 it has been delivered via the Farmers Canal.

[¶7]     In accordance with Phase III procedures for the Big Horn River General Adjudication, the Board inspected unadjudicated water rights under the Farmers Canal Permit, and in May 1992, the following report was transmitted to the Board's Division III Supervisor:

> Of the 14,257.61 acres permitted, 9,239.41 acres, stock and domestic use (not permitted) are adjudicated (includes 75 acres misadjudicated and 60 acres over-adjudicated), leaving 5153.2 acres and mill use unadjudicated.  Much of this unadjudicated acreage is adjudicated under other permits from the same source and other sources as tabulated on the attached sheet.
>
> . . . .
>
> The remaining unadjudicated acreage (5153.2 acres) is recommended for elimination.

The attachment to the report identified Tract 109 as adjudicated under the Perkins Ditch Enlargement.

[¶8]     In 2008, the Administrator for the Big Horn River General Adjudication recommended eliminating the unadjudicated acreage from the Farmers Canal Permit, including Tract 109.   The recommendations were provided to the Farmers Canal Company, which then forwarded the notice to each landowner in accordance with the Big Horn River General Adjudication procedures.  Nine appropriators filed objections to the report, including Mr. Mohr.  In response to the objections, the State Engineer's staff conducted further inspection of the unadjudicated lands under the Farmers Canal Permit and submitted an amended report to the district court for adjudication.  Though the amended report resolved most objections, it still recommended elimination of Tract 109, and Mr. Mohr continued to object.

[¶9]    The Special Master held a two-day hearing on Mr. Mohr's objection in February 2010.  At the hearing, Mr. Mohr admitted that Tract 109 had never been adjudicated under the Farmers Canal Permit, but was adjudicated under the Perkins Ditch Enlargement with a priority date of 1916.  He also admitted that he currently irrigates Tract 109 with water permitted under the Perkins Ditch Enlargement Permit and conveyed via the Farmers Canal.  Nevertheless, he contended that Levi Johnson's affidavit was signed without sufficient knowledge of what rights were being relinquished and therefore was ineffective to terminate Tract 109's right to Farmers Canal Permit water.  The Big Horn Administrator testified that adjudicating the Farmers Canal Permit to apply to Tract 109 at this point in time would "create a double right on the same system on the same tract of lands[,]" and it would "create[] a water conflict on the ground, in addition to the paper record."

[¶10]   In her Report and Recommendation to the district court, the Special Master recommended elimination of Tract 109 from the Farmers Canal Permit and concluded:

> 8.    A water right user, like a landowner, is bound by the actions of the previous landowner in title.  Further, once a final decree/certificate is issued by the Wyoming Board of Control, such adjudication is deemed conclusive as to all prior appropriations, and estoppel from claiming greater rights exists.  The actions by Levi Johnson, Mr. Mohr's predecessor in title, required actions before the Board of Control.  The adjudication and certification of water rights for Tract 109 under Permit No. 3712E has already occurred.  Levi Johnson removed all his claims for Tract 109 in the Farmers Canal, in order to achieve adjudication of the Enlargement of the Perkins Ditch.  The previous landowner's actions regarding water supply for Tract 109 are binding on the property with regard to the water right serving such property.  Arguments that Levi Johnson did so without knowledge of consequences are unpersuasive.
>
> . . . .
>
> 12.   In Mr. Mohr's case, his land, like all of Tract 109, has been historically irrigated under Permit No. 3712 Enl., under which his lands in Township 51 North, Range 96 West, Tract 109, Big Horn County, Wyoming, were adjudicated in 1922.  While the means of conveyance of that water is currently via Farmers Canal, no Permit No. 854 water has been used to irrigate Mr. Mohr's lands since at least 1922.  There is an overlap or conflict which arises as a result of this and, for that

4

reason, Mr. Mohr's lands in Township 51 North, Range 96 West, Tract 109, Big Horn County, Wyoming should be eliminated from Permit No. 854.

(Internal citations omitted.)   Mr. Mohr filed an objection to the Report and Recommendation, and requested a hearing with the district court.

[¶11]  The district court approved the Special Master's Report and Recommendation, finding: "Since 1916 the lands of Mr. Mohr have been receiving water pursuant to the [Perkins Ditch Enlargement] and not the [Farmers Canal Permit]."  It concluded "[t]hat Tract 109 owned by Mr. Mohr is serviced under the [Perkins Ditch Enlargement] and not the [Farmers Canal Permit]."

[¶12]  Mr. Mohr responded by filing multiple motions objecting to the Special Master's Report and Recommendation.  Several of the motions attacked generally the factual findings in the Special Master's Report and Recommendation, and several more argued that the State's failure to submit a final order within twenty days of the district court's December 6, 2010 decision letter violated W.R.C.P. 58(a).  On June 2, 2011, the district court held a hearing on the motions and issued its final order adopting the Special Master's Report and Recommendation with a number of clerical changes.  The district court also issued an order denying all of Mr. Mohr's motions.  Following the hearing, Mr. Mohr filed approximately twenty motions, again attacking generally the findings of the Special Master adopted by the district court, alleging incompetence and fraud by the district court, requesting stays to the June 2, 2011 final order, and objecting to the district court's failure timely to enter a final judgment.  On June 30, 2011, the district court issued an order affirming its previous June 2, 2011 order, explaining that the order technically was not final in the full scope of the Big Horn River General Adjudication and denying all of Mr. Mohr's motions.  The district court also warned Mr. Mohr about submitting motions that "harass, cause unnecessary delay or needless increase to the costs of litigation[,]" and indicated the district court would "not tolerate any further demeaning pleadings[.]"

[¶13]  Mr. Mohr filed approximately seven more motions between July 6 and July 22, 2011, arguing that the district court and the State misunderstood and misrepresented his argument during the adjudication and his requested hearings.  On August 10, 2011, the district court denied all of Mr. Mohr's motions.  Mr. Mohr attempted to appeal the district court's decisions to this Court, however his appeal was dismissed for lack of a final order in the Big Horn River General Adjudication.

[¶14]  On September 5, 2014, the district court entered its Final Order for Phase III of the Big Horn River General Adjudication.  Because many objectors were not served with the final order, the district court extended the appeal period, and Mr. Mohr timely filed his appeal during the extension.

5

[¶15] Whether Mr. Mohr is bound by his predecessor's actions is a legal question which we review *de novo*.[1] *In re General Adjudication of All Rights to Use Water in the Big Horn River System*, 753 P.2d 76, 88-89 (Wyo. 1988) (*Big Horn I*), *abrogated on other grounds by Vaughn v. State*, 962 P.2d 149 (Wyo. 1998); W.R.C.P. 53(e); *see also* F.R.C.P. 53(f)(4) ("The court must decide de novo all objections to conclusions of law made or recommended by a master."). To the extent that Mr. Mohr challenges the factual findings of the Special Master, we review for clear error. W.R.C.P. 53(e)(2); *In re General Adjudication of All Rights to Use Water in Big Horn River System*, 2002 WY 89, ¶ 9, 48 P.3d 1040, 1045 (Wyo. 2002) (*Big Horn VI*).

[¶16] Mr. Mohr also presents approximately fourteen procedural issues, asserting generally that the district court failed to properly follow the Wyoming Rules of Civil Procedure. Interpretation of procedural rules is a question of law this Court reviews *de novo*. *Lavitt v. Stephens*, 2015 WY 57, ¶ 7, 347 P.3d 514, 517 (Wyo. 2015). However, as discussed *infra* ¶ 24, Mr. Mohr presents no cogent argument or pertinent authority to support these issues, and we therefore will not address them.

*DISCUSSION*

## I. Is Mr. Mohr bound by the acts of his predecessor-in-interest and the previous adjudication of water rights to Tract 109?

[¶17]           Under administrative procedures adopted by Wyoming, water rights are perfected in three steps. First, a prospective user must apply for a permit to divert or impound state waters. Second, if the permit application is approved (upon a finding that water is available and other requirements are met), the applicant is authorized to construct diversion and/or storage structures, and to appropriate water through such structures, in accord with the permit's terms. Finally, upon presentation of proof of appropriation for beneficial use under a direct-flow permit or proof of construction under a reservoir permit, the Wyoming State Board of Control will issue a certificate formally confirming rights acquired under the permit, with a date of priority relating to the filing of the original permit application.

---

[1] Mr. Mohr does not dispute the finding of the Special Master that Tract 109 has been irrigated under the Perkins Ditch Enlargement since at least 1922.

*In re General Adjudication of All Rights to Use Water in Big Horn*, 2004 WY 21, ¶ 29, 85 P.3d 981, 989 (Wyo. 2004) (*Big Horn VII*) (internal citations omitted).

[¶18] The Farmers Canal Permit was properly applied for and issued by the State Engineer in 1894. However, the Special Master concluded that there was insufficient evidence to find that water had been put to beneficial use on Tract 109 from the Farmers Canal prior to 1942 when multiple water rights were consolidated at the Farmers Canal headgate. To the extent that Mr. Mohr's appeal challenges these findings, we find no clear error. Our own record review confirms that none of Mr. Mohr's affidavits, maps, or other certificates of appropriation for adjacent properties establish the application of water to beneficial use on Tract 109 from the Farmers Canal Permit prior to 1916.[2] Because no formal proof of appropriation or certificate of appropriation was ever issued for the Farmers Canal Permit in relation to Tract 109, it remained unperfected, or "inchoate." *Green River Dev. Co. v. FMC Corp.*, 660 P.2d 339, 348 (Wyo. 1983). "An 'inchoate right' as distinguished from a 'vested right' is that which is not yet completed or finished." *Id.*

[¶19] The Perkins Ditch Enlargement followed a different trajectory and was perfected as to Tract 109 in 1922. The State Engineer conditioned the issuance of Mr. Johnson's permit on his execution of an affidavit waiving any existing rights in the Farmers Canal Permit.

[¶20] The State argues that the affidavit executed by Mr. Johnson is sufficient evidence of abandonment of the Farmers Canal Permit; however, the abandonment statutes in effect at the time, like those in effect today, envision a formal abandonment or forfeiture procedure before abandonment is accomplished, which never occurred here. 1890-91 Wyo. Sess. Laws; ch. 8, §§ 14, 16; 1907 Wyo. Sess. Laws, ch. 86, § 12; Wyo. Stat. Ann. §§41-3-401-402 (LexisNexis 2015).

[¶21] In the alternative, the State argues that Mr. Mohr's predecessor waived any right he had to water under the Farmers Canal Permit when, in order to obtain the Perkins Ditch Enlargement Permit, he submitted his affidavit requesting the Farmers Canal Permit be cancelled as to Tract 109.

> We have defined waiver as the intentional relinquishment of a known right that must be manifested in some unequivocal manner. "While the necessary intent for waiver may be implied from conduct, the conduct should speak the intent clearly." In addition, we have recognized

---

[2] The dispute regarding pre-1916 beneficial use is not material to the dispositive issue in this case—whether Mr. Mohr's predecessor relinquished his rights under the Farmers Canal Permit when he sought and perfected his water right under the Perkins Ditch Enlargement.

that the three elements of waiver are: 1) an existing right; 2) knowledge of that right; and 3) an intent to relinquish it.

*Jensen v. Fremont Motors Cody, Inc.*, 2002 WY 173, ¶ 16, 58 P.3d 322, 327 (Wyo. 2002) (citations omitted). Here, Mr. Mohr's predecessor recognized his existing right to water under the Farmers Canal Permit, and clearly expressed his intent to relinquish it. He further manifested that intent by proceeding to perfect his water right under the Perkins Ditch Enlargement, and water has been supplied to Tract 109 under that Permit since at least 1922. Mr. Johnson's 1916 affidavit and subsequent actions to perfect the Perkins Ditch Enlargement effected a waiver of any right to water under the Farmers Canal Permit. Mr. Mohr is bound by the actions of his predecessor-in-interest. *Campbell v. Wyo. Dev. Co.*, 55 Wyo. 347, 100 P.2d 124, 138 (1940) (parties "are in no better position" than their predecessors).

[¶22] In *Green River Dev. Co.*, 660 P.2d at 349-50, we recognized the importance of observing the water permitting process and the critical final step of issuing a certificate of appropriation. Here, the Board issued a certificate of appropriation for Tract 109 in 1922, which served as the final determination of the water rights for that property (2.31 cfs for the 161.73-acre tract provides the statutory "duty of water," one cubic foot per second for each seventy acres of land. Wyo. Stat. § 41-4-317 (LexisNexis 2015)). Mr. Johnson, the owner of Tract 109, waived the right to water under the Farmers Canal Permit in 1916, and that decision was made final when the Perkins Ditch Enlargement certificate of appropriation was issued in 1922.

[¶23] We affirm the Special Master's Report and Recommendation and the district court's adoption of the Report and Recommendation eliminating Tract 109 from the Farmers Canal Permit.

## II. Did the district court give Mr. Mohr a fair opportunity to present his case in accordance with the Wyoming Rules of Civil Procedure?

[¶24] Mr. Mohr presents approximately fourteen procedural issues asserting generally that the district court failed to properly follow various Wyoming Rules of Civil Procedure. He provides no specific facts, analysis, or authorities explaining how the district court violated the rules. "[E]ven *pro se* litigants must present support for their arguments in order to succeed in their appeals." *Chapman v. State*, 2015 WY 15, ¶ 20, 342 P.3d 388, 394 (Wyo. 2015). "When a brief fails to present a valid contention supported by cogent argument or pertinent authority, 'we consistently have refused to consider such cases, whether the brief is by a litigant *pro se* or is filed by counsel.'" *Hamburg v. Heilbrun*, 889 P.2d 967, 968 (Wyo. 1995) (quoting *E.C. Cates Agency, Inc. v. Barbe*, 764 P.2d 274, 276 (Wyo. 1988)); *see also* W.R.A.P. 7.01. Furthermore, Mr. Mohr fails to articulate how he was harmed by the district court's alleged errors. "Any error, defect, irregularity or variance which does not affect substantial rights shall be

disregarded by the reviewing court." W.R.A.P. 9.04. As a result, we affirm the district court's procedural rulings. W.R.A.P. 1.03.

## *CONCLUSION*

[¶25] We affirm the Special Master's Report and Recommendation and the district court's adoption of the Report and Recommendation in which it recommended elimination of Tract 109 from the Farmers Canal Permit.