BY THE COURT:
/s/ E. JAMES BURKE
Chief Justice
Attachment *902 BEFORE THE SUPREME COURT STATE OF WYOMING
In the matter of JOSEPHINE K. WALTON, president of Wyoming Credit Association, a Wyoming corporation, Respondent.
REPORT AND RECOMMENDATION FOR APPROVAL OF CONSENT AGREEMENT
THIS MATTER having come before the Unauthorized Practice of Law Committee (the "Committee") upon the motion of Bar Counsel for approval of a Consent Agreement in the above-captioned matter, and the Committee having considered the matter and being fully advised in the premises, finds, concludes and recommends:
1. The investigation in the above-captioned matter was initiated by Bar Counsel following receipt of a report from the Honorable Joseph B. Bluemel, Third Judicial District Court Judge, that Respondent, the president of Wyoming Credit Association, a Wyoming corporation ("WCA"), a collection agency located in Evanston, Wyoming, may have engaged in the unauthorized practice of law by representing WCA in a collection action in Judge Bluemel's court.
2. Rule 7, Rules Governing the Wyoming State Bar and the Authorized Practice of Law, provides in relevant part:
Rule 7. Authorization to practice law.
(a) The following persons are authorized to practice law in Wyoming:
(1) Members of the Wyoming State Bar, as more fully delineated and subject to the limitations set forth in the Bylaws of the Wyoming State Bar;
(2) Attorneys who have been granted pro hac vice admission as provided in Rule 8, subject to the limitations set forth in that rule;
(3) Law school clinic supervising attorneys meeting the qualifications of Rule 9, subject to the limitations set forth in that rule;
(4) Law students meeting the qualifications of Rule 9, subject to the limitations set forth in that rule; and
(5) Attorneys meeting the qualifications of Rule 5.5(d) of the Wyoming Rules of Professional Conduct, subject to the limitations set forth in that rule.
*903 (b) Practice law means providing any legal service for any other person, firm or corporation, with or without compensation, or providing professional legal advice or services where there is a client relationship of trust or reliance, including appearing as an advocate in a representative capacity; drafting pleadings or other documents; or performing any act in a representative capacity in connection with a prospective or pending proceeding before any tribunal.
* * *
3. Following receipt of Bar Counsel's letter of inquiry, Respondent's counsel contacted Bar Counsel and advised that Respondent was willing to enter into a consent agreement as provided in Rule 5(f) of the Rules of Procedure Governing Unauthorized Practice of Law Proceedings (the "UPL Rules"), which states:
(f) If, after conducting an investigation, Bar Counsel believes that the respondent has engaged in the unauthorized practice of law, Bar Counsel may do one or more of the following:
(1) commence civil injunction proceedings as provided in Rule 6;
(2) commence civil contempt proceedings as provided in Rule 8;
(3) enter into a consent agreement with the respondent in which the respondent agrees to do one or more of the following:
(A) refrain from the conduct in question;
(B) refund any fees collected;
(C) make restitution;
(D) pay a fine that may range from one hundred dollars ($100) to two hundred and fifty dollars ($250) per incident of unauthorized practice of law.
4. Respondent concedes that she is not a member of the Wyoming State Bar and engaged in the unauthorized practice of law as reported by Judge Bluemel.
5. Respondent further concedes that her representation of WCA as reported by Judge Bluemel constituted the Unauthorized Practice of Law pursuant to Rule 7 of the Rules Governing the Wyoming State Bar and the Authorized Practice of Law.
*904 6. Pursuant to UPL Rule 5(f)(3), Respondent has agreed that she will refrain from similar conduct in the future.
7. Bar Counsel has agreed to forbear on other sanctions available under the Rules, including assessment of a fine; commencing civil injunction proceedings; and commencing civil contempt proceedings. However, Bar Counsel expressly reserves the right to pursue all available sanctions in the event Respondent commits conduct in violation with this Consent Agreement or Rule 7 of the Rules Governing the Wyoming State Bar and the Authorized Practice of Law.
8. The parties have agreed that in the event this Consent Agreement is approved, Bar Counsel will provide a copy of the approved Consent Agreement to the Wyoming Collection Agency Board.
9. UPL Rule 3(e) provides that the Committee has the authority to approve consent agreements:
The Committee shall have jurisdiction to conduct hearings on complaints alleging the unauthorized practice of law submitted by any person, including Bar Counsel; to approve or reject consent agreements; and to submit a report and recommendation to the Supreme Court containing findings of fact and conclusions of law following such hearings or approvals of consent agreements.
10. UPL Rule 6(d)(3)(A) provides:
If the respondent has entered into a consent agreement under subparagraph (3) of paragraph (f) of Rule 5, the consent agreement shall be submitted to the Committee for consideration along with the recommendations of Bar Counsel. Within thirty (30) days of the agreement being tendered to the Committee, the Committee shall issue a decision either accepting or rejecting the agreement.
11. A quorum of the UPL Committee has reviewed Bar Counsel's motion for approval of the Consent Agreement and finds that said motion should be granted.
*905 WHEREFORE, pursuant to Rule 7(c) of the UPL Procedural Rules, the Committee recommends that the Court approve the Consent Agreement in the above-captioned matter.
DATED this 25th day of May, 2018. Christine Stickley, Chair Unauthorized Practice of Law Committee Wyoming State Bar
CERTIFICATE OF SERVICE
I do hereby certify that a true and correct copy of the foregoing was served upon Respondent this 24th day of May, 2018, by United States mail, first class postage prepaid, and by email correctly addressed as follows:
James E. Phillips Phillips Law, P.C. 822 Main Street P.O. Box 770 Evanston, WY 82931-0770 iimphillipslaw@gmail.com Counsel for Respondent
*906 BEFORE THE UNAUTHORIZED PRACTICE OF LAW COMMITTEE WYOMING STATE BAR
In the matter of JOSEPHINE K. WALTON, president of Wyoming Credit Association, a Wyoming corporation, Respondent.
CONSENT AGREEMENT
THIS CONSENT AGREEMENT is entered into by and between Mark W. Gifford, Bar Counsel for the Wyoming State Bar ("Bar Counsel") and Josephine K. Walton ("Respondent").
WHEREAS, Walton is the president of Wyoming Credit Association, a Wyoming corporation ("WCA"), a collection agency located in Evanston, Uinta County, Wyoming; and
WHEREAS, by letter dated March 27, 2018, Bar Counsel received a report from the Honorable Joseph B. Bluemel, Third Judicial District Court Judge, that Respondent may have engaged in the unauthorized practice of law by representing WCA in a collection action in Judge Bluemel's court (see Exhibit A hereto); and
WHEREAS, the Wyoming Supreme Court's Rules Governing the Wyoming State Bar and the Authorized Practice of Law provide, in relevant part:
Rule 7. Authorization to practice law.
(a) The following persons are authorized to practice law in Wyoming:
(1) Members of the Wyoming State Bar, as more fully delineated and subject to the limitations set forth in the Bylaws of the Wyoming State Bar;
(2) Attorneys who have been granted pro hac vice admission as provided in Rule 8, subject to the limitations set forth in that rule;
(3) Law school clinic supervising attorneys meeting the qualifications of Rule 9, subject to the limitations set forth in that rule;
(4) Law students meeting the qualifications of Rule 9, subject to the limitations set forth in that rule; and *907 (5) Attorneys meeting the qualifications of Rule 5.5(d) of the Wyoming Rules of Professional Conduct, subject to the limitations set forth in that rule.
(b) Practice law means providing any legal service for any other person, firm or corporation, with or without compensation, or providing professional legal advice or services where there is a client relationship of trust or reliance, including appearing as an advocate in a representative capacity; drafting pleadings or other documents; or performing any act in a representative capacity in connection with a prospective or pending proceeding before any tribunal.
* * *
and
WHEREAS, Respondent concedes that she is not a member of the Wyoming State Bar and engaged in the unauthorized practice of law as reported by Judge Bluemel; and
WHEREAS, following Bar Counsel's investigation of the matter pursuant to the Rules of Procedure Governing Unauthorized Practice of Law Proceedings (the "UPL Procedural Rules"), the parties have come to terms on this Consent Agreement as provided in Rule 5(f)(3) of said Rules.
NOW, THEREFORE, in consideration of the premises and the foregoing recitals, the accuracy of which are hereby confirmed by the parties, it is agreed:
1. Respondent's representation of WCA as reported by Judge Bluemel constituted the Unauthorized Practice of Law pursuant to Rule 7 of the Rules Governing the Wyoming State Bar and the Authorized Practice of Law.
2. Pursuant to Rule 5(f)(3), Respondent agrees that she will refrain from similar conduct in the future.
3. Bar Counsel has agreed to forbear on other sanctions available under the Rules, including assessment of a fine; commencing civil injunction proceedings; and commencing civil contempt proceedings. However, Bar Counsel expressly reserves the right to pursue all available sanctions in the event Respondent commits conduct in violation with this Consent Agreement or Rule 7 of the Rules Governing the Wyoming State Bar and the Authorized Practice of Law.
*908 4. The parties agree that in the event this Consent Agreement is approved by the Committee on the Unauthorized Practice of Law, Bar Counsel will provide a copy of the approved Consent Agreement to the Wyoming Collection Agency Board.
SO STIPULATED: Mark W. Gifford, Bar Counsel Wyoming State Bar Josephine K. Walton, Respondent STATE OF WYOMING ) ) ss. COUNTY OF UINTA )
Subscribed and sworn to before me on this9th day of May, 2018, by Josephine K. Walton.
Notary Public My Commission Expires: June 9, 2018 Approved as to form and substance: James E. Phillips, Counsel for Respondent
*909 EXHIBIT A
THE STATE OF WYOMING THIRD JUDICIAL DISTRICT
JOSEPH B. BLUEMEL DISTRICT JUDGE PATRICIA GOEDKEN OFFICIAL COURT REPORTER DEBRA A. HANSEN JUDICIAL ASSISTANT Unauthorized Practice of Law Committee Attention: Shannon Howshar 4124 Laramie Street PO Box 109 Cheyenne, WY 82003
Re: Wyoming Credit Association, Inc.
Dear Ms. Howshar:
Enclosed please find a copy of the decision that I have entered in the matter of Houghton v Wyoming Credit Association, Inc. I am sending this decision to you for your review to determine whether or not Wyoming Credit Association, Inc. may be participating in the unauthorized practice of law.
If I may be of any assistance to you or the Committee, please contact me or my staff at your convenience.
Sincerely, JOSEPH B. BLUEMEL District Court Judge *910 IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT IN AND FOR THE COUNTY OF UINTA, STATE OF WYOMING
ROGER HOUGHTON, Civil No. 2017-192 Appellant, vs. WYOMING CREDIT ASSOCIATION, INC., Appellee.
ORDER AFFIRMING JUDGMENT BY UINTA COUNTY CIRCUIT COURT
THIS MATTER is before the Court on appeal by Roger Houghton from the Uinta County Circuit Court's order granting judgment to Wyoming Credit Association, Inc. for debt owed by Mr. Houghton to Uinta Meadows Townhome Association. Mr. Houghton has failed to adhere to the Rules of Appellate Procedure and has failed to offer appellate argument supported by cogent argument or pertinent legal authority. Summary affirmance is granted for the following reasons:
I. BACKGROUND
In 2005, Mr. Houghton purchased a townhome at 218 Cheyenne Drive, Evanston, Uinta County, Wyoming. Mr. Houghton acquired a second mortgage in 2007, supplemented with a Planned Unit Development Rider. Through the Planned Unit Development Rider, Mr. Houghton agreed to "promptly pay, when due, all dues and assessments imposed pursuant to the Constituent Documents." (Pl./Appellee's Reply Br., Ex. 2.) Apparently, Mr. Houghton did not pay the assessments, which was the impetus for Appellee, Wyoming Credit Association, asserting a claim in the Uinta County Circuit Court. The circuit court case ended with a judgment against Mr. Houghton for $2,093.34.
Mr. Houghton claims Uinta Meadows Townhome Association did not exist at the time he acquired his mortgage and that Uinta Meadows Townhome Association is not a registered association with the Wyoming Secretary of State. He concludes, therefore, that Uinta Meadows Townhome Association had no authority to collect dues. He argues that he owes nothing to that entity, which had no authority to charge fees.
*911 II. ISSUES
Although neither Party has set forth a statement of the issues in this case, the Court will consider the following as dispositive:
1. Did Mr. Houghton's appeal reasonably adhere to the Wyoming Rules of Appellate Procedure (LexisNexis 2017)?
2. Should Appellee be awarded sanctions pursuant to W.R.A.P. 10.05?
III. DISCUSSION
Mr. Houghton presents his appealpro se. The court generally grants topro se litigants a certain amount of leniency from the stringent standards expected in formal pleadings drafted by attorneys.Byrnes v. Harper, 2018 WY 21, ¶ 10, 411 P.3d 427 (Wyo. 2018). Nevertheless, the court expects thepro se litigant to offer "a reasonable adherence to the procedural rules and requirements of the court."Id. (citations omitted).Pro se litigants must "handle this professional, technical work in compliance with Wyoming Rules of Appellate Procedure in the same way that trained lawyers are expected to perform."In Interest of FT, 856 P.2d 1128, 1129 (Wyo. 1993) (citation & quotations omitted). Appellate Rule 1.03 permits the Court to impose sanctions, including summary affirmance, on thepro se litigant who fails to comply with the Rules of Appellate Procedure.Byrnes, ¶ 10, 411 P.3d 427.
Rule of Appellate Procedure 1.03(b)(1) allows sanctions for a party's failure to include with the notice of appeal "the appendix required by Rule 2.07(b) and (c)." In civil cases the notice of appeal must have an appendix that includes the following:
(1) All pleadings that assert a claim for relief whether by complaint, counterclaim or cross-claim and all pleadings adding parties; and
(2) All orders or judgments disposing of claims for relief and all orders or judgments disposing of all claims by or against any party; and
(3) The judgment or final order and a copy of the trial court's decision letter if one was filed.
W.R.A.P. 2.07(b). Mr. Houghton's Notice of Appeal includes none of these items.
Mr. Houghton's brief does not conform to W.R.A.P. 7.01 in that it contains no proper statement of the issues presented for review; no statement of the facts relevant to the issue; "and no coherent, intelligible argument with citations to the legal authorities and parts of the record relied on."In Interest of FT, 856 P.2d 1128, 1130 (Wyo. 1993). The longstanding rule in the appellate court is to summarily affirm cases in which a party has failed to present a brief with either *912 cogent argument or pertinent authority.Byrnes, ¶ 10, 411 P.3d 427. Neither Mr. Houghton's opening brief nor his reply brief offers persuasive argument or reference to pertinent authority supporting his challenges to the circuit court's order.Id. ¶ 11, 411 P.3d 427.
Though the appellate court is reluctant to impose sanctions for reasonable attorney's fees under W.R.A.P. 10.05(b), it will do so when "an appeal lacks cogent argument [or] where there is an absence of pertinent authority to support the claims of error."Byrnes, ¶ 12, 411 P.3d 427 (citations & quotations omitted). This Court will not impose the sanction of attorney's fees against Mr. Houghton; however, as Wyoming Credit Association has not been represented by an attorney. Wyoming Credit Association, Inc., a corporation, is represented by its owner, Josephine K. Walton. "It is well established that a person who is not an attorney is not entitled to appear in court for a corporation regardless of his interest or association with the corporation."E.C. Cates Agency, Inc. v. Barbe, 764 P.2d 274, 276 (Wyo. 1988). "The practice of law by any person who is not a member in good standing of the Wyoming State Bar constitutes the unauthorized practice of law, is wrongful, and is subject to sanction."Meyer v. Norman, 780 P.2d 283, 287 (Wyo. 1989); W.S. § 33-5-117. This Court will not reward Wyoming Credit Association, Inc. by imposing a sanction of attorney's fees against Mr. Houghton.
When there has been a failure to comply with the appellate rules, W.R.A.P. 1.03(a) gives the appellate court grounds to enter a summary affirmance.Hodson v. Sturgeon, 2017 WY 150, ¶ 7, 406 P.3d 1264, 1265 (Wyo. 2017). Mr. Houghton has not complied with the appellate rules. Summary affirmance is appropriate.
IV. CONCLUSION
The circuit court properly entered judgment against Mr. Houghton. Mr. Houghton has not adhered to appellate rules or relied upon pertinent authority to support his claims. The judgement by the Uinta County Circuit Court is hereby affirmed.
IT IS SO ORDERED.
DATED 27th day of March 2018.
JOSEPH B. BLUEMEL DISTRICT COURT JUDGE