Travis William HODGINS, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 98–131.

Supreme Court of Wyoming.

March 31, 2000.

Representing Appellant: Travis William Hodgins, Pro Se.

Representing Appellee: William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Georgia L. Tibbetts, Senior Assistant Attorney General.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

THOMAS, Justice.

The essential issue raised by Travis William Hodgins (Hodgins) in his appeal is that the trial court committed an abuse of discretion in denying his Motion for Reduction of Sentence. He argues that the trial judge

* Retired November 2, 1998.

manifested personal bias by not requesting a progress report from the penitentiary; the trial judge failed to articulate just cause for denying his motion; and the sentence was an illegal sentence because the minimum sentence exceeded the normal time that would be served on the maximum sentence. We have reviewed the record to determine whether any abuse of discretion by the trial judge is demonstrated with particular emphasis on the grounds asserted by Hodgins. We hold that no abuse of discretion is demonstrated in this case, and the claim of an illegal sentence is not properly before this Court. The Order Denying Motion for Sentence Reduction is affirmed.

In the Brief of Appellant, filed by Hodgins *pro se,* the issues that are raised are:

I.   Did the judge show personal bias when she denied the motion to reduce sentence?

II.  The sentencing judge did not give just cause for denying the motion to reduce sentence.

III. Was the sentence handed down by the judge an illegal sentence?

This Statement of the Issue is found in the Brief of Appellee, filed on behalf of the State of Wyoming:

Did the district court abuse its discretion in denying appellant's motion for a sentence reduction?

In November 1995, Hodgins was charged with aggravated assault and battery, in violation of Wyo. Stat. Ann. § 6–2–502(a)(i) (Lexis 1999), for intentionally, knowingly or recklessly causing serious bodily injury to his twenty-one day old son, under circumstances manifesting extreme indifference to the value of human life. A trial to a jury resulted in a finding of guilty of the charged offense. On March 26, 1997, Hodgins was sentenced to imprisonment in the Wyoming State Penitentiary for a term of not less than nine nor more than ten years. He appealed his conviction, and we affirmed the judgment and sentence. *Hodgins v. State,* 962 P.2d 153 (Wyo.1998). The facts supporting his conviction are set forth in that opinion of the Court.

On February 18, 1998, Hodgins filed a Motion for Reduction of Sentence Pursuant to Rule 35(b), W.R.Cr.P., in which he sought a reduction in his sentence. On March 19, 1998, the trial court entered its Order Denying Motion for Sentence Reduction. Hodgins has appealed that order.

The authority of the trial court to reduce a sentence is found in W.R.Cr.P. 35, which provides:

> (a) *Correction.*—The court may correct an illegal sentence at any time. Additionally the court may correct, reduce, or modify a sentence within the time and in the manner provided herein for the reduction of sentence.

> (b) *Reduction.*—A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within one year after the sentence is imposed or probation is revoked, or within one year after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one year after entry of any order or judgment of the Wyoming Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision. The court may determine the motion with or without a hearing.

■ The language of W.R.Cr.P. 35(b) clearly is discretionary; the repeated use of the verb "may" demonstrates that the authority found in the rule is to be exercised at the discretion of the court. That proposition is articulated in prior decisions of this Court. *Ellett v. State,* 883 P.2d 940, 942 (Wyo.1994) (*citing Asch v. State,* 784 P.2d 235, 237 (Wyo. 1989)). In *McFarlane v. State,* 781 P.2d 931, 932 (Wyo.1989), we said:

> The district court has broad discretion in determining whether to reduce a defendant's sentence, and we will not disturb its determination absent an abuse of discretion. *Mower v. State,* 750 P.2d 679 (Wyo. 1988).

This rule has been applied consistently by this Court, and is found in a recent case. *Barela v. State,* 936 P.2d 66, 69 (Wyo.1997).

Addressing the exercise of discretion, we said:

> We perceive the core of our inquiry as reaching the question of reasonableness of the choice made by the trial court. Henceforth, we will turn to a definition adopted in *Martin v. State,* 720 P.2d 894, 897 (Wyo. 1986), in which we said:

>> "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. *Byerly v. Madsen,* 41 Wash.App. 495, 704 P.2d 1236 (1985)."

*Vaughn v. State,* 962 P.2d 149, 151 (Wyo. 1998).

■ Under W.R.Cr.P. 35(b), the decision of the trial court to grant or deny a sentence reduction is entitled to considerable deference. We will not substitute our view for that of the trial court so long as there is a rational basis, supported by substantial evidence, from which the district court could reasonably draw its conclusion. *Fortin v. State,* 622 P.2d 418, 420 (Wyo.1981) (*citing Key v. State,* 616 P.2d 774 (Wyo.1980)); *see Jones v. State,* 568 P.2d 837, 854 (Wyo.1977).

■ The record demonstrates that the trial court acted reasonably when it denied Hodgins' motion for sentence reduction. Hodgins maintains that the trial judge was biased when she failed to order a progress report from the penitentiary prior to ruling on his motion. Yet, Hodgins provides no authority requiring the sentencing court to obtain such a report. Even if the trial judge had obtained the report and it had contained favorable information about Hodgins' conduct, that would not supersede the trial court's discretion. In *Carrillo v. State,* 895 P.2d 463, 464 (Wyo.1995), a case factually similar to the instant case, Carrillo filed a motion for reduction of his two and one-half to three year sentence. Carrillo provided evidence of his conduct while at the peniten-

tiary, including his high rating for his work assignment and his successful completion of substance abuse programs. We concluded that a prisoner's commendable conduct while incarcerated does not usurp the trial court's discretion. *Id.* at 464 (*citing Montez v. State*, 592 P.2d 1153, 1154 (Wyo.1979)). Similarly, had Hodgins provided, for the record, favorable information about his tenure at the penitentiary, the trial court was free to accept or reject such information at its discretion, and the trial court's ruling is not to be disturbed absent an abuse of that discretion.

◼ Hodgins' second argument is that the trial court failed to articulate a just cause for denying his motion. We found no authority, nor did Hodgins cite any, imposing such a requirement on the sentencing court. In the Order Denying Motion for Sentence Reduction, the trial court stated it had reviewed the court file and the court's notes. By letter, Hodgins had provided information about future employment, living arrangements, and his exemplary behavior at the penitentiary. The trial judge ruled that a sentence reduction would be inappropriate, finding the parole board better suited to make the decision about early release at the proper time. Given the discretion vested in the sentencing court, this is an adequate statement of just cause for denial, if one were required.

◼ In his final argument, Hodgins contends that his sentence was an illegal sentence because the minimum sentence exceeded the normal time that would be served on a maximum sentence. In an appeal from the denial of a motion for sentence reduction, this issue is not properly before this Court, and it cannot be considered.

◼ Although Hodgins proceeded *pro se* and *in forma pauperis*, we hold that monetary sanctions are appropriate. Before we assess against an appellant a reasonable amount for attorney's fees, W.R.A.P. 10.05 requires certification by this Court that there is no reasonable cause for appeal. We typically decline to make that certification when the subject of the appeal is a discretionary ruling because "the standards for review of discretionary exercise cannot readily be re-

duced to black-letter principles." *Bacon v. Carey Co.*, 669 P.2d 533, 536 (Wyo.1983). Further, "we are reluctant to grant sanctions[,] and will do so only in those rare circumstances where an appeal lacks cogent argument, where there is an absence of pertinent authority to support the claims of error, and/or when there is a failure to adequately cite to the record." *Amen, Inc. v. Barnard*, 938 P.2d 855, 858 (Wyo.1997) (*citing Osborn v. Painter*, 909 P.2d 960, 965 (Wyo.1996) and *Phifer v. Phifer*, 845 P.2d 384, 387 (Wyo. 1993)).

◼ The right to appeal the denial of his motion is granted to Hodgins, but his brief failed to include any pertinent authority to support his claim or any pertinent citations to the record. *See Cotton v. Brow*, 903 P.2d 530, 532 (Wyo.1995). Hodgins' failure to comply with W.R.A.P. 7.01 justifies such action as this Court "deems appropriate, including but not limited to: refusal to consider the offending party's contentions; assessment of costs; dismissal; and affirmance." W.R.A.P. 1.03.

The litigant acting pro se is entitled to "a certain leniency" from the more stringent standards accorded formal pleadings drafted by lawyers; however, the administration of justice requires reasonable adherence to procedural rules and requirements of the court. *Apodaca v. Ommen*, 807 P.2d 939, 943 (Wyo.1991).

*Osborn v. Emporium Videos*, 848 P.2d 237, 240 (Wyo.1993). Hodgins' failure to satisfy any of the applicable standards leads to the ineluctable conclusion that there was no reasonable cause for the filing of this appeal. His appeal is frivolous.

We appreciate that Hodgins had difficulty finding law to support his position that the trial judge, prior to ruling on a sentence reduction motion, should obtain a copy of the inmate's progress report. His inability to cite to any authority suggesting any other rule further marks the frivolity of his claim. In fact, the existing law is to the contrary, and does not require the trial court to even consider commendable or exemplary behavior while incarcerated in arriving at a modification decision. *Carrillo*, 895 P.2d at 464. This Court was unable to find any law favor-

able to Hodgins, and sanctions are proper. *Reno Livestock Corp. v. Sun Oil Co. (Delaware),* 638 P.2d 147, 155 (Wyo.1981). Hodgins must have been aware of the rules of appellate procedure because he requested transcripts as part of the record. His failure to adequately cite to the record also violates our rules of appellate procedure.

The rules of appellate procedure allow us to impose sanctions, including the assessment of costs, on parties who fail to comply with these rules. The imposition of sanctions should discourage the future filing of frivolous appeals, devoid of legal authority, cogent arguments or proper citation to the record. The State shall submit a statement of costs and attorney's fees to this Court, and, upon review, an appropriate award of costs and fees will be ordered.

The Order Denying Motion for Sentence Reduction is affirmed with costs and attorney's fees awarded to the State.