# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 87

APRIL TERM, A.D. 2013

July 16, 2013

TONY SERNA,

Appellant
(Defendant),

v.

No. S-12-0273

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Washakie County*
*The Honorable Robert E. Skar, Judge*

*Representing Appellant:*
  *Pro se.*

*Representing Appellee:*
  *Gregory A. Phillips, Attorney General; David L. Delicath, Deputy Attorney General; Theodore R. Racines, Senior Assistant Attorney General.*

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BURKE, Justice.**

[¶1]    Appellant, Tony Serna, was charged with one count of felony property destruction. Pursuant to a plea agreement, he pled no contest to the charge. In accordance with the plea agreement, Mr. Serna received "first offender treatment" pursuant to Wyo. Stat. Ann. § 7-13-301 (LexisNexis 2011), and was placed on supervised probation for five years. He challenges that order in this appeal. We conclude that this appeal must be dismissed.

*ISSUES*

[¶2]    We quote the issues as they are stated in Mr. Serna's brief:

>   1.  The district court being in error, described as "Plain Error" in W.R.A.P. 9.05; and
>
>   2.  Supplemental evidence which may be taken by the reviewing court in cases involving fraud, or involving misconduct of some person engaged in the administration of the law affecting the decision, as described in W.R.A.P. 12.08; and
>
>   3.  Additional material evidence according to W.R.A.P. 12.08. In all cases other than contested cases, additional material evidence may be presented to the reviewing court.

According to the State, the issues are these:

>   I.  When a brief fails to present a valid contention supported by cogent argument or pertinent authority, this Court has consistently refused to consider the appeal. Serna's brief does not contain a cogent argument supported by pertinent authority that would allow this Court to discern the nature of the issues. Should this Court entertain this appeal?
>
>   II. The entry of a no contest plea prohibits appellate review of most defenses, including arguments that a defendant's rights were violated prior to the entry of the plea. Serna entered a plea and received his bargained-for first offender disposition. Although less than clear, Serna appears to argue that his actions were justified due to a wide-ranging

1

conspiracy against him. Should this Court entertain his appeal?

## FACTS

[¶3]    Mr. Serna was charged with one count of felony property destruction in violation of Wyo. Stat. Ann. § 6-3-201(a) and (b)(iii).   The State alleged that he vandalized a vehicle, causing an estimated $1,900 in damage to the driver's side doors.  Mr. Serna was initially found incompetent to stand trial, and the circuit court suspended the proceedings and ordered Mr. Serna's commitment to the State Hospital.  After Mr. Serna had been in treatment for three months, the circuit court determined that Mr. Serna had become competent, and bound him over to the district court.

[¶4]    Prior to trial, Mr. Serna and the State entered into a plea agreement.   The agreement provided, among other things, that Mr. Serna would plead guilty to the charge of felony property destruction.  In exchange, the State agreed to recommend, pursuant to Wyo. Stat. Ann. § 7-13-301, that the district court not enter a judgment of guilt, defer further proceedings, and place Mr. Serna on probation for a term of five years.

[¶5]    Mr. Serna subsequently entered a no contest plea[1] and the State made the agreed-upon recommendation.  The district court accepted, but did not enter, the plea and, as contemplated by the plea agreement, deferred judgment and sentencing, and entered an order placing Mr. Serna on supervised probation for five years.[2]

[¶6]    Mr. Serna filed this appeal challenging the district court's decision.  Although Mr. Serna was represented by counsel in the proceedings before the circuit and district courts, defense counsel was released after the deferral order was issued.  Mr. Serna is acting *pro se* in this appeal.

## DISCUSSION

[¶7]    The State's first issue is dispositive.  It contends that we should dismiss this appeal

---

[1] Although the plea agreement specified that Mr. Serna would enter a guilty plea, the State consented to entry of the no contest plea.

[2] Pursuant to Wyo. Stat. Ann. § 7-13-301(b):

> If the court finds the person has fulfilled the terms of probation and that his rehabilitation has been attained to the satisfaction of the court, the court may at the end of five (5) years, or at any time after the expiration of one (1) year from the date of the original probation, discharge the person and dismiss the proceedings against him.

because Mr. Serna's brief fails to present any valid contentions supported by cogent argument or pertinent authority. We may decline to consider claims unsupported by cogent argument and pertinent legal authority. *DeLoge v. State*, 2012 WY 128, ¶ 11 n.2, 289 P.3d 776, 779 n.2 (Wyo. 2012). However, a "*pro se* litigant is entitled to some leniency from the stringent standards applied to formal pleadings drafted by attorneys," and we may elect to address the merits of a claim if we can "discern the nature of the issue raised." *Young v. State*, 2002 WY 68, ¶ 9, 46 P.3d 295, 297 (Wyo. 2002).

[¶8]    Even taking a lenient approach, we cannot reasonably discern the nature of Mr. Serna's claims. His statement of the issues, quoted above, illustrates the lack of cogency throughout Mr. Serna's brief. His sparse citations to legal authority are unhelpful.

[¶9]    Further, to the extent we are able to guess at the nature of his claims, they were waived by Mr. Serna's plea of no contest, or nolo contendere, to the charge against him.

> A plea of nolo contendere has the same effect in criminal cases as a guilty plea. *Zanetti v. State*, 783 P.2d 134, 139 (Wyo. 1989). As a guilty plea waives all nonjurisdictional defenses, *Sword v. State*, 746 P.2d 423, 425 (Wyo. 1987), so does a plea of nolo contendere. *Zanetti*, 783 P.2d at 139.

*Davila v. State*, 831 P.2d 204, 205 (Wyo. 1992). We agree with the State that Mr. Serna "makes no argument that can be construed, even liberally, as jurisdictional."

[¶10] For these reasons, this appeal is dismissed.