FOX, Justice,
[F1] The district court entered a default judgment against the appellant, Jeff Lokey, that included a provision allowing the parties ten days to file objections to the judgment. Mr. Lokey filed an objection, which the court denied. Mr. Lokey then appealed the court's order denying his objections. We find that we lack jurisdiction to decide Mr. Lokey's appeal, and we therefore dismiss, though we will award attorney fees incurred in this appeal.
ISSUES
[¶ 2] 1. Does this Court have jurisdiction to entertain Mr, Lokey's appeal, or must we dismiss because Mr. Lokey did not timely appeal an appealable order?
2. Does this Court have jurisdiction to award, and is appellee entitled to recover, attorney fees incurred as a result of this appeal based on the contract which was the subject of the underlying action?
FACTS
[T8] The parties were business partners in two Wyoming businesses, Summit Investments, a general partnership, and Rocky Mountain Wash, LLC. In October 2009, they entered into an agreement to dissolve their shared business ventures. Each party was to receive certain property owned by those businesses, along with the corresponding debt. The agreement also provided for payments to be made by Mike Irwin, the appel-lee, to Mr. Lokey, On December 8, 2014, Mr. Irwin filed a complaint against Mr. Lo-key alleging that Mr. Lokey had neglected to service the debts on property granted to him through the dissolution agreement, and that, *313 as a result, Mr. Irwin had been damaged. Irwin requested that the district court enter a declaratory judgment relieving him of his obligations under the agreement, arguing that Mr. Lokey had materially breached its terms. Mr. Lokey was served with the complaint in California on December 18, 2014, but did not answer within thirty days as required by W.R.C.P. 12(a). On January 22, 2015, Mr. Irwin filed a request for an entry of default alleging that Mr. Lokey had not answered or otherwise pled as required. The clerk of the district court entered the default on the same day. Mr. Irwin then moved for a default judgment in accordance with W.R.C.P. 55(b) and requested a hearing. The district court set the hearing on the default judgment for March 12, 2015. On March 11, 2015, Mr. Lokey's attorney entered an appearance and moved for a contin-nuance via fax filing. Just before the hearing on the morning of March 12, 2015, Mr, Lokey filed a number of motions, including a motion to set aside the entry of default.
[T4] The district court proceeded with the March 12, 2015 hearing, first allowing counsel to argue Mr. Lokey's motion to continue, which it denied, and then proceeding to hear Mr. Irwin's motion for a default judgment. The court entered its default judgment on April 27, 2015, declaring that Mr, Lokey had materially and substantially breached the dissolution agreement, and that, as a result, Mr, Irwin was relieved from performing any further obligations under the agreement.[1] The last paragraph of the judgment provided:
THE COURT HAS PREPARED THIS ORDER. IN THE EVENT THAT ANY PARTY OBJECTS TO THE FORM AND/OR CONTENT OF THIS ORDER, sUCH OBJECTING PARTY SHALL HAVE TEN (10) DAYS TO FILE AND SERVE ANY OBJECTIONS, ALONG WITH AN ALTERNATE FORM OF ORDER. THE COURT RESERVES THE RIGHT TO RULE UPON ANY OBJECTIONS FILED BY ANY PARTY WITH, OR WITHOUT, A HEARING. FAIL URE TO FILE AND SERVE ANY OBJECTIONS, ALONG WITH AN ALTER- - NATE FORM OF ORDER, WITHIN TEN (10) DAYS FROM THE DATE HEREOF SHALL BE DEEMED .A COMPLETE WAIVER OF ANY AND ALL OBJECTIONS AS TO FORM OR CONTENT OF THIS ORDER.
(Capitalization and emphasis in original.) On May 11, 2015, Mr. Lokey filed Defendant's Objections to Entry of Default Judgment with Findings of Facts and Conclusions of Law Dated April 27, 2015, which the district court denied on June 24, 2015. The court's order denying Mr, Lokey's objections was cursory and provided no substantive discussion of the issues presented, instead stating: "The conclusions of law made by the Court [in the default Judgment] are appropriate based on 'the findings made within the Order." Mr, Lokey filed his notice of appeal on July 28, 2015, designating the district court's order denying his objections as the decision from which he was appealing.
DISCUSSION
I. Does this Court have jurisdiction to entertain Mr. Lokey's appeal, or must we dismiss because Mr. Lokey did not timely appeal an appealable order?
[T5] Mr. Lokey presents various issues on appeal. However, this Court must first be satisfied that it has jurisdiction to entertain the appeal. Harmon v. Star Valley Med. Ctr., 2014 WY 90, ¶ 14, 331 P.3d 1174, 1178 (Wyo.2014); Plymale v. Donnelly, 2006 WY 3, ¶ 4, 125 P.3d 1022, 1023 (Wyo.2006). "We pursue that inquiry de novo because the limits placed upon the exercise of our appellate powers are matters of law." Waldron v. Waldron, 2015 WY 64, ¶ 11, 349 P.3d 974, 977 (Wyo.2015) (citing In re Estate of Nielsen, 2011 WY 71, ¶ 11, 252 P.3d 958, 961 (Wyo.2011)). We find that we lack jurisdiction to consider Mr. Lokey's appeal and must dismiss.
[TI 6] The Wyommg Rules of Appellate Procedure set, forth the requirements to *314 perfect an appeal. Rule 2.07 declares that a notice 'of appeal must the judgment or appealable order" from which an appeal is taken. An appealable order is defined as "[aln order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment{.]" W.R.AP.
We have held that an appealable orde1 under Rule,1.05(a) has "three necessary characteristics,... It must affect a substantial right, determme the merits of the controversy, 'and 'resolve all outstanding issues," In re K.R.C.K., 2013 WY 160, ¶ 28, 314 P.3d 1170, 1176 (Wyo.2013) (quoting In re KRA, 2004 WY 18, ¶ 10, 85 P.3d 432, 436 (Wyo.2004)). Whether an order is final and appealable is a questlon of law, which we decide de novo.... Bourke v. Grey Wolf Drilling Co., LP, 2013 WY 93, ¶ 15, 305 P.3d 1164, 1167 (Wyo.2013) (citing In re MN, 2007 WY 189, ¶ 4, 171 P.3d 1077, 1080 (Wyo.2007)).
Waldron, 2015 WY 64, ¶ 14, 349 P.3d at 977-78 (quoting Estate of Dahlke ex rel. Jubie v. Dahlke, 2014 WY 29, ¶ 31, 319 P.3d 116, 124 (Wyo.2014)). In this case, the appealable order was the default judgment. . It affected the substantial rights of the parties, determined the merits of the controversy, and resolved all outstanding issues, leaving nothing for future consideration Pub. Serv Comm'n v. Lower Valley Power & Light, Inc., 608 P.2d 660, 661 (Wyo.1980); W.R.C.P. 54(a) (A judgment "is the final determination of the rights of the parties in action."). Mr. Lokey, however, did not appeal from the district court's default judgment. Instead, he appealed from the court's order denying his objections, This was not an appealable order as defined by the rules and this Court, as it did nothing more than affirm the court's prior ruling, The error, if any, Hes in the default judgment, not in the decision to deny the objections. In In re GLP, we rejected an untimely appeal of a non-appealable order denying a motion to alter or amend, saying:
In a number of cases, this Court has held that "(ain order denying a motion for a new trial is not an appealable order." Rutledge v. Vonfeldt, 564 P.2d 350, 351 (Wyo.1977); Sun Land & Cattle Co. v. Brown, 387 P.2d 1004, 1006 (Wyo.1964). This is because "[elrror lies to the judgment, but not to the decision of the motion; though that decision may be made a ground for the reversal of the judgment." Mitter v. Black Diamond Coal Co., 193 P. 520, 521, 27 Wyo. 72 (Wyo.1920) (quoting Young v. Shallenberger, 53 Ohio St. 291[, 301], 41 N.E. 518], 521 (1895)) ]. The same rule applies to an order denying a motion to alter or amend. Parker v. Kahin, 758 P.20 570, 570-71 (Wyo.1988). Because Appellant's notice of appeal does not identify an appealable order, this Court finds that this appeal, to the extent it seeks to challenge the denial of the motion to alter or amend, must be dismissed, Scott v. Sutphin, 2005 WY 38, 109 P.3d 520 (Wyo.2005).
2007 WY 141, ¶ 3, 166 P.3d 1284, 1285 (Wyo.2007). Similarly, Mr. Lokey's notice of appeal does not identify an appealable order and must be dismissed. See Evans v. Moyer, 2012 WY 111, ¶ 18, 282 P.3d 1203, 1209 (Wyo.2012) notice of appeal only perfects an appeal of the order(s) identified in the notice.").
[17] Even if Mr. Lokey had identified the default judgment as the order appealed from, the notice was too late. The district court entered its default judgment on April 27, 2015, "An appeal from a trial court to an appellate court shall be taken by filing the notice of appeal ... within 80 days from entry of the appealable order[.]" W.R.AP. 2.01(a), Mr. Lokey did not file his notice of appeal until July 28, 2015, clearly outside of the thn'ty-day deadline.
(1 8] The time for filing a notice of appeal can be tolled in some circumstances. WRAP. 2.02(a).
The time for appeal in a civil case ceases to run as to all parties when a party timely files [] a motion for judgment under Rule 50(b), Wyo, R, Civ. P.; a motion to amend or make additional findings -of fact under Rule 52(b), Wyo. R. Civ. P....; a motion to alter or amend the judgment under Rule 59, Wyo. R. Civ. P., or a motion for a new trial under Rule 59, Wyo. R. Civ. P.
W.RAP. 2.02(a). The time for filing a notice of appeal is not tolled, however, when the *315 title or content of a post-judgment filing re-fleets that it is nothing more than a request that the court reconsider a previously entered judgment or appealable order. Waldron, 2015 WY 64, ¶ 11, 349 P.3d at 977. "When a postjudgment motion is not expressly denominated as a request for reconsideration, this Court will evaluate its substance to determine what effect -it may have on appellate deadlines." Id. at ¶ 13, 349 P.3d at 977. We therefore look to the substance of Mr. Lokey's post-judgment filing to determine whether the time for filing a notice of appeal could be tolled under W.R.A.P. 2.02.
[¶ 9] Wyoming Rule of Civil Procedure 50(b) provides that a party may renew a motion for a judgment as a matter of law previously made during the course of a jury trial, This was not a jury trial, but a hearing on a motion for a default judgment. As a result, Rule 50(b) does not apply. Id. at ¶ 17, 349 P.3d at 978. Wyoming Rule of, Civil Procedure 52(b) allows a party to move for an amendment to a court's special findings or to request additional special findings after a judgment has been entered. In this case, the district court did not make special findings, nor did Mr. Lokey request that such findings be made. Rule 52(b) therefore fails to save Mr. Lokey from the thirty-day deadline to file his notice of appeal.[2]
[110] Wyoming Rule of Civil Procedure 59 likewise fails to toll the time for filing an appeal in this case. Mr. Lokey's filing was not a motion for a new trial under Rule 59(a) because no trial was held. The parties presented no evidence at the hearing, and each relied only upon oral argument from counsel. Rule 59(a) "presupposes that the district court has conducted a trial," which did not occur here. Waldron, 2015 WY 64, 119, 349 P.3d at 978, Thus, Mr. Lokey's objection eannot be characterized as a motion for a new trial.[3] See id. ("[ Where an appealable order of judgment is issued without a trial, a motion for a new trial is an inappropriate means for seeking relief from that order of judgment.").
[T11] Finally, a motion cannot be characterized as one under Rule 59(e)
unless it is based on legal issues derived from an intervening change of controlling law, factual issues arising from newly dis covered evidence that was not previously available, or arguments which could not have been put 'before the district court prior to its ruling. No matter what it purported to be, it is not a proper Rule 59(e) motion if it amounts to an attempt to address factual or legal issues that should have been addressed earlier or that were already addressed and decided.
Id. at ¶ 20, 349 P.3d at 978-79 (citations omitted). Mr. Lokey's objections did not identify an intervening change of law, nor did they allege the discovery of new evidence pertinent to the district court's decision. Instead, Mr. Lokey submitted twenty-one pages of argument advancing issues that were either already decided by the district court in its default judgment or that should have been addressed earlier. In essence, Mr. Lokey's objections are nothing more than a post-judgment motion for reconsideration, which this Court has declared a nullity, Plymale, 2006 WY 3, ¶ 5, 125 P.3d at 1024. Mr. Lokey's objections did not toll the time for filing a notice of appeal under W.R.A.P. 2.02. Even if Mr. Lokey had appealed the appropriate order, the default judgment, his appeal would 'have been untimely and we would be without jurisdiction to consider it. "[Thhe timely filing of a notice of appeal is jurisdictional." Paxton Res., L.L.C. v. Brannaman, 2004 WY 93, ¶ 15, 95 P.3d 796, 801 (Wyo.2004); see also W.R.A.P. 1.03(a); Tyler J. Garrett, Anatomy of a Wyoming Appeal: A Practitioner's Guide for Civil Cases, 16 Wyo. L. Rev. 189, 142-148 (2016) If we recognized a special class of "tentative decisions," we would only 'create a state of limbo that would result in confusion for courts and parties: '"To be effective, judicial administration must not be leaden-footed." Cobbledick v. United States, 309 U.S. 323, 325, 60 S.Ct. 540, 541, 84 L.Ed. 788 (1940).
[112]: Mr. Lokey argues that he reasonably relied on the district court's order *316 permitting him to file objections within ten days of the default judgment, and equity requires that we allow his appeal to go forward despite its untimeliness. Federal cases have occasionally recognized the "unique circumstances" doctrine, which equitably tolls the time for filing a notice of appeal when a party relies, to its detriment, on a district court's order that is contrary to the rules of civil procedure. Eady v. Foerder, 381 F.2d 980, 981 (7th Cir.1967). However, the United States Supreme Court explicitly overruled this doctrine in Bowles v. Russell, where it ruled the "unique cireumstances" doctrine to be "illegitimate." 551 U.S. 205, 214, 127 S.Ct. 2360, 2366, 168 L.Ed.2d 96 (2007). While this Court is not bound by the procedural rulings of the United States Supreme Court,[4] we have consistently held, in line with the United States Supreme Court's Bowles decision, that the time for appeal cannot be tolled when a district court takes actions that are not authorized by the rules of civil procedure. In Merchant v. Gray, 2007 WY 208, ¶¶ 8-9, 173 P.3d 410, 412-13 (Wyo.2007), we held that a district court had no authority to extend the deadline to file a motion for a new trial, and that a party's reliance on the district court's extension did not toll the time for filing an appeal. We held similarly in Miller v. Murdock, 783 P.2d 614, 616-17 (Wyo.1990), and explicitly declined to extend the "unique cireumstances" doctrine to Wyoming cases.
[T13] The district court's default judgment finally determined the parties' rights. Thereafter, the district court only had jurisdiction to decide appropriate post-judgment motions authorized by the rules. See 49 C.J.S. Judgments § 858 (updated April 2016); see also Ultra Res., Inc. v. Hartman, 2015 WY 40, ¶ 14, 346 P.3d 880, 887 (Wyo.2015) (the inherent power of a district court to enforce its own orders is limited, and a court must "stay true to the earlier judgment"); State v. Meier, 440 N.W.2d 700, 702 (N.D.1989) ("Generally, when a judgment has become final, the trial court loses jurisdiction to alter, amend, or modify that judgment."). The district court's order allowing the parties to file objections was not in accordance with any rule pertaining to. post-judgment procedure, and the district court lacked jurisdiction to invite such objections or to rule on them. Thus, the district court's order on Mr. Lokey's objections was a nullity, and because we have no better jurisdiction than the dis-triet court, any appeal from that order must be dismissed. See Miller, 788 P.2d at 616-17 (declaring the district court's action a nullity because it lacked authority to extend a filing period); Lankford v. City of Laramie, 2004 WY 143, ¶ 23, 100 P.3d 1238, 1244 (Wyo.2004) ([We have no better jurisdiction than did the district court.").
IIL. Does this Court have jurisdiction to award, and is appellee entitled to recover, attorney fees incurred as a result of this appeal based on the contract which was the subject of the underlying action?
[114] Mr. Irwin argues that he is entitled to an award of attorney fees on appeal pursuant to the parties' dissolution agreement. Because we have found that we lack jurisdiction to determine the merits of Mr. Lokey's appeal, we must examine whether we have the jurisdiction to award attorney fees in light of our dismissal. See Clendenning v. Guise, 8 Wyo. 91, 55 P. 447, 450-51 (1898) (addressing the issue of whether a court can award costs after determining that it lacks jurisdiction). We adopt the conclusion of the Eleventh Cireuit Court of Appeals, finding that the award of attorney fees is collateral to the merits of a case, and therefore within a court's jurisdiction, even after the court has determined that it lacks jurisdiction of the underlying claim. Prime Ins. Syndicate, Inc. v. Soil Tech Distributors, Inc., 270 Fed.Appx. 962, 964-65 (11th Cir.2008). This comports with Wyoming's approach when awarding attorney fees in the lower courts.. We have held that even when a district court loses jurisdiction over the merits of the action after an appeal is docket *317 ed, it retains jurisdiction to award costs and attorney fees if appropriate. Garwood v. Garwood, 2010 WY 91, 125, 233 P.3d 977, 984 (Wyo.2010). We find that the award of attorney fees is collateral to the merits of the case, and we therefore have jurisdiction to award attorney fees on appeal when appropriate.
[T15] A party is entitled to recover attorney fees if expressly provided for by statute or contract. Kinstler v. RTB South Greeley, Ltd., LLC, 2007 WY 98, ¶ 13, 160 P.3d 1125, 1129 (Wyo.2007). "Where a contract allows the award of attorney's fees, that includes fees incurred on appeal." Id. at ¶ 13, 160 P.3d at 1129. In this case, the contract provides:
If any legal action is brought for the enforcement of this Contract or because of any alleged dispute, breach, default or misrepresentation in connection with any of the provisions of this Contract, the prevailing party shall be entitled to recover reasonable attorney's fees and other costs incurred, in addition to any other relief to which a party may be entitled.
Mr. Irwin is the prevailing party and entitled to recover reasonable attorney fees incurred on this appeal. We will determine the appropriate sum to be awarded after counsel submits proper documentation. W.R.A.P. 10.06; see also GGV v. JLR, 2005 WY 14, ¶ 16, 105 P.3d 474, 480 (Wyo.2005) (allowing the parties 15 days to submit a statement of attorney's fees to the court in accordance with W.R.A.P. 10.06).
CONCLUSION
[¶ 16] This Court lacks jurisdiction to entertain Mr. Lokey's appeal, and therefore we dismiss the appeal. Mr. Irwin is entitled to reasonable attorney fees pursuant to the parties' dissolution agreement, This amount shall be determined after submission of proper documentation by counsel.

. The court also denied all. of Mr. Lokey's motions, including his motion to set aside the default.

. In his reply brief, Mr. Lokey concedes that he did not file a motion pursuant to Rule 52(b).

. Mr. Lokey also concedes that he did not file a motion for a new trial under Rule 59(a).

. In Lovato v. State, 901 P.2d 408, 411 (Wyo.1995), we explained "that we will consider relevant federal precedent when Wyoming's rules of procedure are similar to the federal rules. See, e.g., Meyer v. Mulligan, 889 P.2d 509, 517 (Wyo.1995). We are not however bound by those decisions." ‘