# IN THE SUPREME COURT, STATE OF WYOMING

## 2017 WY 57

**APRIL TERM, A.D. 2017**

**May 16, 2017**

WALLACE R. BURNETT,

Appellant
(Plaintiff),

v.

JOHN E. BURNETT, Individually and as Successor
Trustee to the Lillian M. Burnett Living Trust, Dated
April 12, 2002; JUDY L. BABEL; CAROL A.
BURNETT WOODWARD; DAVID BURNETT;
and BURNETT RANCH, INC.

Appellees
(Defendants).

S-16-0235

*Appeal from the District Court of Albany County*
*The Honorable Jeffrey A. Donnell, Judge*

*Representing Appellant:*

> *Pro se.*

*Representing Appellees:*

> *Mitchell H. Edwards, Nicholas & Tangeman, LLC, Laramie, Wyoming; Ryan L. Ford, Williams, Porter, Day & Neville, P.C., Casper, Wyoming; Marty L. Oblasser, Corthell and King Law Office, P.C., Laramie, Wyoming.*

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BURKE, Chief Justice.**

[¶1]   In this appeal, Wallace Burnett challenges the district court's order dismissing his complaint against Appellees.   Because of Mr. Burnett's failure to present cogent argument and to comply with the Wyoming Rules of Appellate Procedure, we will summarily affirm the district court's order and grant the Appellees' request to award costs and attorney fees.

## *FACTS*

[¶2]   Mr. Burnett owned 11 of the 604 outstanding shares of Burnett Ranch, Inc.  The other shares were owned by his three siblings and his son.  In 2015, Mr. Burnett filed suit against his siblings and his son.  He presented claims for a preliminary injunction to prevent the transfer of corporate assets, an accounting, a minority shareholder derivative action, damages, and a winding-up of the corporation and sale of its assets.  In an amended complaint, he added a claim for determination of ownership of the corporate shares.  In response to Mr. Burnett's amended complaint, Appellees filed a motion to dismiss.  Following a hearing, the district court granted the motion.  Mr. Burnett appealed.

## *DISCUSSION*

[¶3]   Mr. Burnett is acting *pro se* in this appeal.

> A *pro se* litigant is entitled to some leniency from the stringent standards applied to formal pleadings drafted by attorneys.  However, there must be a reasonable adherence to the procedural rules and requirements of the court.  *Hodgins v. State*, 1 P.3d 1259, 1262 (Wyo. 2000).  This Court will impose sanctions including, but not limited to, summary affirmance, pursuant to W.R.A.P. 1.03 on *pro se* litigants who fail to comply with these rules.  *Id.* at 1262-63.

*Young v. State*, 2002 WY 68, ¶ 9, 46 P.3d 295, 297 (Wyo. 2002).  Mr. Burnett has not provided cogent argument to support his claims on appeal, and he has not complied with our rules of appellate procedure.  As a result, we will summarily affirm the district court's decision.

[¶4]   W.R.A.P. 3.05(b) provides as follows:

> Appellant shall, contemporaneously with filing its brief in the appellate court and service of that brief upon appellee, file with the clerk of the trial court and serve on all parties and the

1

appellate court clerk a designation for transmission of all parts of the record, without unnecessary duplication, to which appellant intends to direct the appellate court in its brief.

[¶5]    Mr. Burnett did not file a designation of the record in this case.[1]  In addition, in his notice of appeal Mr. Burnett certified pursuant to W.R.A.P. 2.05 that he had "ordered and made appropriate arrangements for payment of the transcript(s) to be prepared in this matter."  Later, however, the court reporter informed the Clerk of the Supreme Court that she had not been contacted by Mr. Burnett and, consequently, was "unable to proceed with the preparation and timely filing of the transcript in this matter."  No transcript of the hearing on Appellees' motion to dismiss appears in this record.[2]  The appellant bears the responsibility of bringing forth a sufficient record for the Court's review.  *Knezovich v. Knezovich*, 2015 WY 6, ¶ 9, 340 P.3d 1034, 1036 (Wyo. 2015).  When he does not, we assume that the district court's orders and rulings were correct, and summarily affirm the district court's decision.  *Id.*

[¶6]    W.R.A.P. 7.01(e)(2) requires that an appellant's brief contain a "statement of the facts relevant to the issues presented for review with citations to the parts of the designated record on appeal relied on."  Mr. Burnett's brief does not contain a single citation to the record.  Many of the facts asserted in his brief go beyond the allegations contained in his complaint, and appear to raise issues that were not before the district court and are not before this Court.

[¶7]    Many of the legal arguments presented by Mr. Burnett appear entirely unrelated to the issues he presents on appeal.  His brief contains some citations to authority, but he does not demonstrate how they apply, or should apply, here.  "As such, his appeal fails to present cogent argument or pertinent authority relevant to the order he purports to appeal from in his notice of appeal."  *Basolo v. Gose*, 994 P.2d 968, 970 (Wyo. 2000).  "We may decline to consider claims unsupported by cogent argument and pertinent legal authority."  *Marshall v. State*, 2016 WY 119, ¶ 14, 385 P.3d 304, 308 (Wyo. 2016) (quoting *Serna v. State*, 2013 WY 87, ¶ 7, 305 P.3d 1142, 1143 (Wyo. 2013)).

---

[1] Mr. Burnett prepared a purported designation of record and mailed copies to this Court and to counsel for the Appellees.  However, he did not file the designation in the district court as required by W.R.A.P. 3.05(b), even though the document is styled as a district court pleading.  Significantly, even his purported designation does not include the district court's order on the Appellees' motion to dismiss, the order he seeks to challenge in this appeal.

[2] Subsequent correspondence from the court reporter indicates she had prepared a transcript for an earlier hearing on Mr. Burnett's motion to file an amended complaint.  The district court's decision on that motion is not at issue in this appeal.

[¶8]   W.R.A.P. 1.03(a) provides that a party's failure to comply with the appellate rules provides grounds "for such action as the appellate court deems appropriate, including but not limited to:  refusal to consider the offending party's contentions; assessment of costs; monetary sanctions; award of attorney fees; dismissal; and affirmance."  Mr. Burnett has not complied with our appellate rules, and he has not presented cogent argument or pertinent legal authority.  Summary affirmance is appropriate.

[¶9]   Appellees have requested an award of attorney fees and costs pursuant to W.R.A.P. 10.05(b), which provides that if we certify that there was no reasonable cause for an appeal, "a reasonable amount for attorneys' fees and damages to the appellee shall be fixed by the appellate court and taxed as part of the costs in the case."  We are generally reluctant to order sanctions under this rule.  *Grynberg v. L & R Exploration Venture*, 2011 WY 134, ¶ 30, 261 P.3d 731, 739 (Wyo. 2011); *Amen, Inc. v. Barnard*, 938 P.2d 855, 858 (Wyo. 1997).  We do so, however, where an appeal lacks cogent argument, where there is an absence of pertinent authority to support the claims of error, or when there is a failure to cite to the record adequately.  *Basolo*, 994 P.2d at 970.  As we previously discussed, Mr. Burnett has not presented cogent argument, his brief contains inadequate citation to relevant legal authority, and he did not provide any citations to the record.  These failures lead us to certify that there was no reasonable cause for this appeal and to award penalties in accordance with W.R.A.P. 10.05(b).

[¶10] The district court's order dismissing Mr. Burnett's complaint is affirmed. Appellees will submit a statement of attorney fees and costs to this Court for our review so that an appropriate award may be ordered.