DAVIS, Justice.
*429 [¶1] J. Michaela Byrnes sold property to Michael and Carla Jo Harper on a contract for deed. A dispute arose over the Harpers' right to prepay the contract and Ms. Byrnes' obligation to deliver the deed, and the Harpers filed a declaratory judgment action. The district court ruled in favor of the Harpers and ordered Ms. Byrnes to pay attorney fees and costs for discovery violations. Ms. Byrnes filed a pro se appeal from both orders. We dismiss Ms. Byrnes' appeal of the declaratory judgment ruling as untimely, summarily affirm the order awarding fees and costs for failure to present cogent argument or pertinent authority, and grant the Harpers' request for sanctions pursuant to W.R.A.P. 10.05.
ISSUES
[¶2] We agree with the Harpers' statement of the dispositive issues, which we restate as:
1. Did Ms. Byrnes file a timely notice of appeal from the district court's declaratory judgment order?
2. Did Ms. Byrnes support her appeal from the order awarding fees and costs with cogent argument or pertinent authority?
3. Should the Harpers be awarded sanctions pursuant to W.R.A.P. 10.05 ?
FACTS
[¶3] Ms. Byrnes sold property in Johnson County to the Harpers on a contract for deed dated September 1, 2015. Rather than placing the deed in escrow, Ms. Byrnes retained the deed until final payment. In November 2015, the Harpers notified Ms. Byrnes that they had obtained financing and wished to pay the outstanding balance on the contract for deed. The Harpers made multiple requests that Ms. Byrnes deliver the deed to the closing agent, but Ms. Byrnes refused.
[¶4] On September 1, 2016, the Harpers filed a complaint for declaratory judgment seeking a declaration that the contract for deed allowed early payoff and required Ms. Byrnes to deliver the deed. The Harpers also requested that the district court order Ms. Byrnes to remove her personal property from the premises.[1] On September 20, 2016, Ms. Byrnes filed her answer.
[¶5] The district court set the matter for a bench trial to be held on March 10, 2017. On February 27, 2017, the Harpers moved to compel Ms. Byrnes to provide discovery responses, and the district court granted that motion. On March 1, 2017, Ms. Byrnes filed a motion for peremptory disqualification, which the court denied as untimely. On March 10, the district court held the bench trial and orally announced its ruling in favor of the Harpers.
[¶6] On April 10, 2017, the district court entered its written order granting the Harpers their requested declaratory relief. On April 20, 2017, Ms. Byrnes filed a document entitled "Motion for Reconsideration Motion to Vacate Order Signed April 10, 2017." On May 3, 2017, the district court entered an order awarding the Harpers attorneys fees and costs for Ms. Byrnes' discovery violations, and on May 9, 2017, it entered an order denying Ms. Byrnes' motion for reconsideration. On May 22, 2017, Ms. Byrnes filed a notice of appeal from the district court's April 10, May 3, and May 9 orders.
DISCUSSION
A. Timeliness of Ms. Byrnes' Notice of Appeal
[¶7] Whether Ms. Byrnes filed a timely notice of appeal from the district court's *430 declaratory judgment order is a determination we make de novo . Lokey v. Irwin , 2016 WY 50, ¶ 5, 374 P.3d 311, 313 (Wyo. 2016). To be timely, Ms. Byrnes' notice of appeal had to be filed within thirty days from entry of the appealable order. W.R.A.P. 2.01(a). Ms. Byrnes' notice of appeal clearly was not filed within thirty days of the district court's April 10, 2017 order, and the only question is whether her motion for reconsideration tolled the time for appeal. We conclude that it did not.
[¶8] A W.R.C.P. 59 motion for a new trial will toll the time for appeal. W.R.A.P. 2.02(a). "The time for filing a notice of appeal is not tolled, however, when the title or content of a post-judgment filing reflects that it is nothing more than a request that the court reconsider a previously entered judgment or appealable order." Lokey , ¶ 8, 374 P.3d at 314-15 (citing Waldron v. Waldron , 2015 WY 64, ¶ 11, 349 P.3d 974, 977 (Wyo. 2015) ). It is the substance of a post-judgment motion, rather than its title, that determines the motion's effect on our appellate deadlines. Id .
[¶9] Ms. Byrnes' motion for reconsideration/motion to vacate cited Rule 59(a), but in substance her motion merely reasserted the same arguments she made at trial and asked the district court to reconsider its ruling. The motion therefore did not toll the time for appealing the district court's April 10, 2017 order, and we dismiss Ms. Byrnes' appeal of that order as untimely.[2]
B. Appeal of the Order Awarding Attorney Fees and Costs
[¶10] "The longstanding rule of this Court is to summarily affirm 'cases or issues in cases that are not presented with cogent argument or pertinent authority.' " DW v. State , 2017 WY 64, ¶ 5, 395 P.3d 184, 185 (Wyo. 2017) (quoting Hamburg v. Heilbrun , 891 P.2d 85, 87 (Wyo. 1995) and citing multiple cases). This same rule applies when a party appears pro se :
A pro se litigant is entitled to some leniency from the stringent standards applied to formal pleadings drafted by attorneys. However, there must be a reasonable adherence to the procedural rules and requirements of the court. Hodgins v. State , 1 P.3d 1259, 1262 (Wyo. 2000). This Court will impose sanctions including, but not limited to, summary affirmance, pursuant to W.R.A.P. 1.03 on pro se litigants who fail to comply with these rules. Id . at 1262-63.
Burnett v. Burnett , 2017 WY 57, ¶ 3, 394 P.3d 480, 482 (Wyo. 2017) (quoting Young v. State , 2002 WY 68, ¶ 9, 46 P.3d 295, 297 (Wyo. 2002) ).
[¶11] An appellant's brief must contain a "statement of the facts relevant to the issues presented for review with citations to the parts of the designated record on appeal relied on." W.R.A.P. 7.01(e)(2). Ms. Byrnes' opening brief does not contain a single citation to the record, and she made no argument and cited no pertinent authority in either her opening brief or reply brief to support her challenge to the order awarding fees and costs. We therefore summarily affirm the district court's order.
C. Sanctions under W.R.A.P. 10.05
[¶12] W.R.A.P. 10.05(b) provides that if this Court certifies that there was no reasonable cause for an appeal, "a reasonable amount for attorneys' fees and damages to the appellee shall be fixed by the appellate court and taxed as part of the costs in the case." While we are generally reluctant to impose such sanctions, we will do so when "an appeal lacks cogent argument, where there is an absence of pertinent authority to support the claims of error, or when there is a failure to cite to the record adequately." Burnett , ¶ 9, 394 P.3d at 483 (citing Basolo v. Gose , 994 P.2d 968, 970 (Wyo. 2000) ). Because Ms. Byrnes' briefing failed to provide citations to the record and failed to make any argument on the order awarding fees and costs, let alone cogent argument, we find it proper to certify that there was no reasonable *431 cause for this appeal and to award sanctions in accordance with W.R.A.P. 10.05(b).
CONCLUSION
[¶13] Ms. Byrnes' appeal of the district court's declaratory judgment ruling is dismissed as untimely, and we summarily affirm the district court order awarding attorney fees and costs. Because we have certified that sanctions are appropriate under W.R.A.P. 10.05, the Harpers may submit a statement of attorney fees and costs to this Court for our review and award of appropriate sanctions.

The Harpers voluntarily dismissed their claims for removal of Ms. Byrnes' personal property, and those claims are not at issue in this appeal.

As to the motion for reconsideration, we have held that such motions are a nullity and an order denying a motion for reconsideration is not appealable. Lokey , ¶ 11, 374 P.3d at 315 (citing Plymale v. Donnelly , 2006 WY 3, ¶ 5, 125 P.3d 1022, 1024 (Wyo. 2006) ).