FOX, Justice.
[¶1] J. Michaela Byrnes sold property to Michael and Carla Jo Harper on a contract for deed. The Harpers filed a declaratory judgment action to establish their right to prepay the contract and obtain the deed, and the district court ruled in favor of the Harpers and ordered Ms. Byrnes to pay attorney fees and costs for discovery violations. Ms. Byrnes filed a pro se appeal in Byrnes v. Harper , 2018 WY 21, ¶ 1, 411 P.3d 427, 429 (Wyo. 2018). We dismissed Michaela Byrnes' appeal as untimely, summarily affirmed the order awarding fees and costs, and granted the Harpers' request for sanctions. Id.
[¶2] Following our affirmance, the district court issued an Order After Hearing setting the stipulated payoff amount on the contract for deed. Ms. Byrnes now appeals this order, but appears to argue primarily that the Harpers cannot prepay the contract for deed, the issue disposed of in Byrnes I . Because Ms. Byrnes has failed to comply with the Wyoming Rules of Appellate Procedure and to present cogent argument, we summarily affirm. See W.R.A.P. 9.06.
*366 [¶3] Ms. Byrnes appears pro se in this appeal.
A pro se litigant is entitled to some leniency from the stringent standards applied to formal pleadings drafted by attorneys. However, there must be a reasonable adherence to the procedural rules and requirements of the court. Hodgins v. State , 1 P.3d 1259, 1262 (Wyo. 2000). This Court will impose sanctions including, but not limited to, summary affirmance, pursuant to W.R.A.P. 1.03 on pro se litigants who fail to comply with these rules. Id. at 1262-63.
Young v. State , 2002 WY 68, ¶ 9, 46 P.3d 295, 297 (Wyo. 2002).
[¶4] Ms. Byrnes filed a 44-page Notice of Errata Correcting Appellant's Brief, assertedly to correct page numbers, citations, and her designation of record. However, this Notice contains substantial new authority and argument, in effect amounting to an improper and untimely-filed amended brief. We disregard it. Finally, Ms. Byrnes presents several claims of error related to the declaratory judgment action she appealed in Byrnes I , rather than the order setting the payoff amount-the subject of this appeal. Her claims are unintelligible and fail entirely to identify error in the district court's Order After Hearing.
[¶5] The Harpers request an award of attorney fees and costs pursuant to W.R.A.P. 10.05. Generally, we are reluctant to award sanctions under W.R.A.P. 10.05 ; however, "we will do so when 'an appeal lacks cogent argument, where there is an absence of pertinent authority to support the claims of error, or when there is a failure to cite to the record adequately.' " Byrnes , 2018 WY 21, ¶ 12, 411 P.3d at 430 (quoting Burnett v. Burnett , 2017 WY 57, ¶ 9, 394 P.3d 480, 483 (Wyo. 2017) ). Because Ms. Byrnes failed to make any argument concerning the order setting the payoff amount or to cite pertinent authority related to that order, we certify that there was no reasonable cause for this appeal.
[¶6] We summarily affirm the district court's order setting the payoff amount. The Harpers may submit a statement of attorney fees and costs to this Court for our review and award of appropriate sanctions.